UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-8-13
```

ROCHE DIAGNOSTICS GMBH, et al.,

Plaintiffs,

-v-

ENZO BIOCHEM, INC., et al.,

Defendants.

No. 04 Civ. 04046 (RJS)

CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order for purposes of the parties' claims and defenses relating to U.S. Patent Nos. 4,943,523 and 5,082,830.

1. All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Supplemental initial disclosures pursuant to Rule 26(a)(1) shall be exchanged no later than **February 15, 2013**.

6. All *fact* discovery on all issues including liability, damages, and willfulness, is to be completed no later than **August 30, 2013**.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

   a. The party that bears the burden of proving patent infringement shall serve infringement contentions on or before **April 15, 2013**. The infringement contentions shall identify, for each opposing party, each claim of each

      patent-in-suit that is allegedly infringed and each product or process of each opposing party that allegedly infringes each identified claim.

    b.    Any party opposing a claim of patent infringement shall serve invalidity contentions on or before **May 17, 2013**. The invalidity contentions shall identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, including any under 35 U.S.C. § 101 or § 112, or unenforceability of any of the asserted claims.

    c.    Interrogatories shall be served no later than thirty days prior to the completion of fact discovery.

    d.    Depositions shall be completed by the close of discovery.

        i.    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii.    Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    e.    Requests to admit shall be served no later than thirty days prior to the completion of fact discovery.

8.    The parties agree that production of documents will be by electronic disk or other electronic form agreed to by the parties. The parties reserve the right to produce documents for inspection so that the party seeking production can identify and select documents relevant to the issues in this case for subsequent copying and production.

9.    The parties agree that all service of documents, other than the production of documents set forth in ¶ 8 above, shall be made by hand delivery or by email on or before the due date. The parties also agree that any document served by email before midnight Eastern Time shall be treated as served on the date of the email. The parties further agree with respect to the due date to respond to documents served by email that, pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, 3 days shall be added after the period to respond would otherwise expire under Rule 6(a) of the Federal Rules of Civil Procedure.

10.    Claim construction proceedings shall be completed pursuant to the following schedule:

    a.    On or before **September 20, 2013**, the parties shall meet and confer to determine which claim terms and phrases the Court may need to construe.

    b.    The parties shall exchange a list of those claim term(s)/phrase(s) with proposed claim constructions and extrinsic evidence by **October 4, 2013**.

c. Following the exchange of proposed meanings of claim terms, the parties shall meet and confer to determine whether the Court's assistance is necessary to resolve claim construction disputes. The parties shall submit to the Court a joint claim construction prehearing statement by **October 25, 2013**. The joint claim construction prehearing statement shall identify (i) the construction of those terms and phrases on which the parties agree; and (ii) each party's proposed construction of each disputed claim term or phrase along with an identification of the intrinsic and extrinsic evidence on which the party intends to rely, including any expert declarations.

d. Opening claim construction briefs shall be filed by **December 6, 2013**.

e. Responsive claim construction briefs shall be filed by **January 10, 2014**. If necessary, the Court will schedule a claim construction hearing.

11. All expert disclosures on all issues, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

    a. Opening expert reports on issue(s) for which a party bears the burden of proof shall be served **within 30 days of the Court's claim construction ruling**.

    b. Rebuttal expert reports shall be served **within 60 days of the Court's claim construction ruling**.

    c. Expert depositions shall be completed **within 90 days of the Court's claim construction ruling**.

12. All discovery shall be completed no later than 90 days after the Court's claim construction ruling.

13. After issuance of the Court's claim construction ruling, the parties will contact the clerk to set a post-discovery conference following the end of discovery as set forth in ¶ 12.

14. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted in accordance with a schedule set by the Court after it issues a claim construction ruling. Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of service of the initial pre-motion letter. Pre-motion letters and responses shall be submitted to the chambers' email address at sullivannysdchambers@nysd.uscourts.gov.

15. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

16. Counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

17. The parties have conferred and their present best estimate of the length of trial is ten (10) days.

SO ORDERED.

DATED: February 7, 2013
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE