UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-4-13

ROCHE DIAGNOSTICS GMBH, *et al.*,

                    Plaintiffs,

-v-

ENZO BIOCHEM, INC., *et al.*,

                    Defendants.

No. 04 Civ. 4046 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a joint letter, dated March 29, 2013, submitted by Enzo Biochem, Inc., Enzo Life Sciences (together with Enzo Biochem, Inc., "Enzo"), Roche Diagnostics GmbH, and Roche Molecular Systems, Inc. (together with Roche Diagnostics GmbH, "Roche"). The parties dispute the scope of discovery permitted by the Court's Order (the "Discovery Order"), which was issued during a status conference on January 29, 2013 ("Tr.") and memorialized in a written Order dated January 30, 2013 ("Jan. 30 Order"). The Court permitted Enzo to conduct discovery on matters "related directly to the non-patent claims raised in Defendants' summary judgment motions" (Jan. 30 Order at 2), and the Court further limited discovery by instituting an abbreviated calendar (Tr. 12:22–13:2 ("[A] schedule like [this one] puts everybody in the same mindset, which is to be surgical [–] to be focused . . . . [W]e're not writing on a totally blank slate here . . . .")). After reviewing Roche's anticipated motion for summary judgment, the Court concludes that many of Enzo's discovery requests exceed the surgical, motion-focused discovery that the Court granted in January both in terms of sheer volume – twenty-four production requests, eight multipart interrogatories, and sixteen deposition

topics – and in terms of scope, which at times seems to encompass any Roche activities since 1994.

In particular, the Court finds that production requests (1), (2), (4), (8), and (17)–(20) pose broad inquiries that are not tethered to any particular facet of Roche's anticipated summary judgment motion. Requests (9) and (11) call for a vague set of documents to help define terms – "research products market," "research market," "research field," "research use," "diagnostic or therapeutic use," "best efforts" – used generally within the industry and specifically within the Distribution Agreement between Enzo and Roche. These terms are not facially susceptible to ambiguity, so industry use and Roche's own particular interpretation of those terms are not relevant, nor is Roche in any special position to define such relatively common terms. Lastly, request (21) asks for documents relating to projects that former Enzo employees undertook while they were subsequently employed by Roche. This request appears to dredge for new facts to support claims that are not the subject of Roche's anticipated motion. Accordingly, requests (1), (2), (4), (8), (9), (11), and (17)–(21) fall outside the scope of the Court's Discovery Order.

Two of Enzo's interrogatories similarly exceed the scope of the Discovery Order. Interrogatory (1) makes a sweeping gesture at "each Product or Related Product manufactured, sold, or otherwise distributed by Roche to any Third Party . . . from April 25, 1994," which clearly exceeds the narrow range of the Discovery Order. Further, although interrogatory (2) is directly linked to language from the motion, it asks Roche essentially to give a dissertation on its interpretation of the Distribution Agreement, which is a question better suited to first-round discovery than to targeted, follow-on discovery. Finally, interrogatory (3) would compel Roche to state its contention as to the meaning of the same terms from document requests (9) and (11) – plus the phrase "covered by the claims of a Patents." As in the context of document requests,

2

this inquiry is not appropriate here. Accordingly, the Discovery Order does not permit interrogatories (1)–(3).

Turning last to Enzo's planned deposition topics, the Court finds that several noticed topics fall outside the scope of the Discovery Order. Topic (6) lists eight subcategories of information related to all "Product" sales from April 25, 1994, the breadth of which clearly exceeds the surgical scope of the Discovery Order. Topics (7) and (8) address all pricing, marketing, advertising, sales, and promotions for Products manufactured, used, sold, or otherwise distributed by Roche, *as well as* Roche's purchases of Products from any Third Party. These inquiries are not clearly linked to any issues raised in Roche's anticipated motion, nor are topics (12) and (13), which broadly address commercial and research markets for certain products. Topics (2) and (3) call for Roche's interpretation of the same terms – plus "Products" – that Enzo queried in its document requests, and for the same reasons, these definitional questions are not appropriate here. Lastly, topic (14) covers information about the recruitment, hiring, and work of former Enzo employees who were subsequently employed by Roche. Enzo does not link this deposition topic to any particular part of Roche's anticipated motion, so it is not clear for what purpose or under what rationale Enzo seeks this information given the narrow scope of discovery authorized by the Court. Consequently, topics (2), (3), (6)–(8), and (12)–(14) exceed the scope of the Discovery Order.

For the reasons stated above, IT IS HEREBY ORDERED THAT document requests (1), (2), (4), (8), (9), (11), and (17)–(21); interrogatories (1)–(3); and deposition topics (2), (3), (6)–(8), and (12)–(14) are hereby quashed as overbroad. Additionally, IT IS FURTHER ORDERED THAT Roche's interrogatory responses shall be complete on their own terms without reference to the pleadings, depositions, or other documents already submitted in this

3

litigation. Finally, to compensate for the time during which this dispute has been pending before the Court, IT IS FURTHER ORDERED THAT the deadline for discovery is extended to April 15, 2013. This extension does not affect the briefing schedule for Roche's anticipated motion.

SO ORDERED.

DATED:  April 4, 2013
        New York, New York

*[signature]*

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE