UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
ROCHE DIAGNOSTICS GMBH, a German :
corporation; and ROCHE MOLECULAR :
SYSTEMS, INC., a California corporation, :
: 04 Civ. 4046 (RJS)
Plaintiff, :
:
ENZO BIOCHEM, INC., a New York :
corporation and ENZO LIFE SCIENCES, :
INC., a New York corporation, formerly :
known as ENZO DIAGNOSTICS, INC. :
:
Defendants. :
---------------------------------------------------------x

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Enzo submits this response to plaintiffs' notice of supplemental authority of Hon. Paul A. Engelmayer's recent decision in *Bristol-Myers Squibb Co. v. Matrix Laboratories Limited*, 12 Civ. 5846 (S.D.N.Y.). That decision is neither applicable nor persuasive. Here, the essence of the agreement between Roche and Enzo was to allow Roche a limited right to sell, use, and manufacture, for research purposes only, a certain subset of the more broadly defined universe of PRODUCTS. Roche, by its predecessor, Corange, expressly accepted appointment as an Enzo distributor "subject to the conditions set forth herein as a non-exclusive distributor for the distribution and sale of PRODUCTS to the research market subject to the conditions of this Agreement." (Agmt. ¶ II). Certain of the PRODUCTS were to be purchased by Roche exclusively from Enzo and others Roche was permitted to itself manufacture. In all circumstances, Roche's right to sell was limited by the research only restriction.

Among the contract claims alleged by Enzo are that (i) Roche did not buy the subset of products exclusively from Enzo, but instead bought from third parties including Affymetrix

(Counterclaim ¶ 54(4)) and (ii) Roche sold, used, and distributed PRODUCTS for diagnostic or therapeutic use, in breach of the research market for research use only contract restriction (Agmt ¶ XV) (Counterclaim ¶ 54(3)).  These alleged breaches, in direct contravention of contract provisions, completely distinguish this case from *Matrix*.

More generally, the *Matrix* case is distinguishable because here Roche expressly agreed that it obtained the right to be a distributor for Enzo subject to the contract limitations.  Nevertheless, Roche ignored those limitations by selling PRODUCTS that were not listed, in addition to that subset of listed PRODUCTS that Roche was permitted to sell and manufacture (Counterclaim ¶¶ 54(1) and (2)).  Roche cannot now ignore its contractual agreement.[1]


Dated:   August 28, 2013

                                                Respectfully submitted,

                                                /s/  Jeffrey R. Mann
                                                  Jeffrey R. Mann
                                                  Michael Burrows
                                                  Victor H. Polk, Jr.
                                              GREENBERG TRAURIG, LLP
                                              200 Park Avenue
                                              New York, NY  10166
                                              (212) 801-9200

                                              *Attorneys for Plaintiffs,*
                                              *Enzo Biochem, Inc. and*
                                              *Enzo Life Sciences, Inc.*

---

[1] Roche's contract obligations extended beyond the patent protection period of any particular patent and continued until the *last* Enzo Patent expired.  Accordingly, Roche undertook to be contractually bound regardless of whether there was in fact a patent infringement by it.