UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-12-13

ROCHE DIAGNOSTICS GMBH, *et al.*,

       Plaintiffs,

-v-

ENZO BIOCHEM, INC., *et al.*,

       Defendants.

No. 04 Civ. 4046 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

  The Court is in receipt of the attached joint letter submitted by Enzo Biochem, Inc., Enzo Life Sciences (together with Enzo Biochem, Inc., "Enzo"), Roche Diagnostics GmbH, and Roche Molecular Systems, Inc. (together with Roche Diagnostics GmbH, "Roche"). Enzo asserts that Roche has (1) refused to produce relevant financial records and documents related to damages; (2) failed to respond to discovery requests related to certain Taqman products that were not accused in Enzo's April 2013 infringement contentions; (3) withheld promised discovery with respect to products "containing biotin-linked molecules attached via linker/bridging groups having at least 6 atoms, with 4 atoms in a direct chain, including oligo/polynucleotides made with a starting material, intermediate, or other less-than-2,000 MW molecule . . ."; and (4) refused to identify for depositions those people who are most knowledgeable about the discovery topics in this litigation, thus forcing Enzo to notice depositions of all potentially knowledgeable individuals, whom Enzo believes should be produced in New York City. Roche responds that it (1) has not yet completed its production of financial records and documents related to damages; (2) relied on Enzo's April 2013 infringement contentions that do not mention

Taqman; (3) was still producing the relevant discovery as of the writing of the parties' joint letter; and (4) wishes to avoid the expense of bringing its witnesses from Germany to New York City.

With respect to points (1) and (3), the dispute clearly had not ripened at the time of the parties' joint letter. Of course, Roche must comply with its discovery obligations, but it is not clear why Enzo decided to raise this issue with the Court while Roche was still in the process of complying. Accordingly, the Court takes no action with respect to these productions at this time.

As for point (2), Enzo does not dispute that it neglected to accuse the Taqman products at issue here in its April 2013 infringement contentions. In light of Enzo's track record of developing, in the midst of discovery, new theories of infringement and recovery, the Court is unwilling to grant Enzo discovery for products that it did not accuse by the Court's deadline. Accordingly, the Court declines to compel Roche to provide discovery with respect to the Taqman products at issue here.

Finally, with regard to point (4), Enzo's argument is not precisely clear. Because it appears that Roche no longer needs to identify knowledgeable witnesses now that Enzo has noticed *all* potentially knowledgeable witnesses, the Court can discern only one live dispute: that Enzo wishes for Roche to produce certain witnesses for depositions in New York City, and Roche wishes to conduct the depositions in Germany in order to save the expense of transporting multiple witnesses from Europe to the United States. The Court deems Roche to be making a motion for a protective order Federal Rule of Civil Procedure 26(c)(1)(B), designating Germany as the location for depositions, or in the alternative, to permit video deposition pursuant to Rule 30(b)(4). In light of the number of German witnesses to be deposed and the unnecessary

expense of bringing all of them to the United States, the Court grants Roche's motions. Enzo shall choose whether to conduct depositions in Germany or by videoconference.

As a final matter, the Court is confident that the parties will be able to resolve any further discovery disputes through good faith discussion. However, should the parties wish to raise another discovery dispute with the Court, rather than merely setting forth a litany of complaints, they shall each propose specific Court action to resolve the dispute at issue, and the Court will choose between the proposals.

SO ORDERED.

DATED:   September 11, 2013
         New York, New York

                                              RICHARD J. SULLIVAN
                                              UNITED STATES DISTRICT JUDGE


## GreenbergTraurig

September 5, 2013

**BY E-MAIL (sullivansdnychambers@nysd.uscourts.gov)**

Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Room 615
New York, NY 10007

      Re:   <u>Roche Diagnostics v. Enzo Biochem</u>, No. 04 CV 4046 (RJS) (S.D.N.Y.)

Dear Judge Sullivan:

      Pursuant to the Court's Individual Practices § 2.G, the parties to the above-referenced action ("Enzo" and "Roche") jointly submit this letter concerning disputes over the parties' discovery requests/responses relating to the '830 and '523 Patents. Counsel for Enzo (R. Pettus, J. Ball, and J. Moore) and Roche (O. Khan, R. Muir, and C. Chueh) have engaged in numerous telephonic and written meet and confer communications,[1] but have been unable to resolve the below-described disputes over the parties' discovery requests/responses including: (i) financial/damages information for Products accused of infringement (*see* Roche Resp. to Interrog. Nos. 11-15 (Ex. A) and Doc. Reqs. (Ex. B) served 6/21/13); (ii) Products which potentially infringe the Patents (*see* Roche Resp. to Interrog. Nos. 7-10 (Ex. C) and Doc. Reqs. (Ex. D) served 2/28/13); and (iii) persons knowledgeable about the same.

### I. ENZO'S POSITION

      Roche's refusal to answer interrogatories, produce documents, and identify knowledgeable witnesses has prejudiced Enzo's ability to investigate Roche's Products for infringement, proceed with depositions, and otherwise prepare its case on liability and damages.

#### A. Roche's Refusal to Produce Relevant Financial/Damages Information

      Roche "responded" to Enzo's Interrog. Nos. 11 and 12 calling for worldwide financials of the accused Products (and instrumentation sold/used in conjunction therewith) as follows:

> [P]ursuant to Federal Rule of Civil Procedure 33(d), Roche will produce documents from which this information can be obtained. Roche will identify the relevant bates ranges when the documents are produced.

(*See* Ex. A at 2-4). Such bare reference to unspecified documents to be produced at some unspecified time is a misuse of Rule 33(d). *See, e.g., Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 323 (C.D. Cal. 2004). For Interrogatory Nos. 13 (relevant market) and 14 (reasonable royalty considerations), Roche also refused to provide a substantive response, stating: "Roche responds that Enzo is not entitled to damages, whether in the form of lost profits, reasonable royalty, or any other form of legal or equitable relief." (*Id.* at 5, 7). This is tantamount to no response at all. *See* Rule 37(a)(4), Fed.R.Civ.P. ("an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond.") Finally, Plaintiffs refuse to produce information concerning instruments which their own documents state

---

[1] The meet and confer process began with Enzo's letter of May 17, 2013, and involved over a dozen communications including teleconferences on July 15-17, 22, 30, and August 6 and 8.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

must be used with the accused Products, and is unquestionably relevant to Enzo's damages claim for, *inter alia*, a reasonable royalty and an interest in products developed using its technology. *See, e.g., Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 286, 287-88 (W.D. Mich. 1995).[2]

### B. Roche's Failure to Respond to Enzo's Discovery Requests On Products Which Potentially Infringe the '830 and '523 Patents

**The '830 Patent:** The core dispute on this motion is over Roche's position that Enzo never accused Taqman products of infringement and, specifically, that its April 2013 Infringement Contentions ("ICs") did not do so. What's really going on here is Roche is trying to shield some (but not all) Taqman products from discovery, and profit from improper refusals to respond to Enzo discovery requests, including ones calling for identification of all Taqmans (Ex. K at 3; Ex. C, 2/28/13 Interrog. No. 7, identification of Roche Products using Definition covering all Taqmans; Roche "response" refusing to identify any additional Taqman Products other than "noting" those previously listed by Enzo in 2006.) The fact of the matter is, from the very beginning, Enzo has *always* accused Roche's Taqman Products of infringing (*see* Exs. E-G, 9/21 and 10/17/06 Resp. to Roche's Interrog. No. 1 accusing Roche Taqman products "including but not limited to" Universal Probe Taqman and any others; 2007 "Taqman" Doc. Req. Nos. 1, 2, 4.) Enzo's April 2013 ICs accused those same Taqman products - which were all it was aware of at the time because Roche had refused to identify any of the other Taqman products it now seeks to exclude (Ex. C.) The ICs also specifically accused all Taqman products which met the Interrog. No. 7 Definition (Ex. K, C.) Despite this record of Roche being on clear notice of Enzo's Taqman contentions -- including ***Roche's own statements to the Court referring to "the accused Roche Taqman® product"*** (12/21/12 Ltr, p. 3) and Enzo's continuing discovery requests (Ex. D, Resp. to 2013 "Taqman" Doc. Req. Nos. 15-19) -- Roche revealed for the first time on August 6 that it had withheld discovery on some (but not all) Taqman products. Per Roche, Enzo's requests and Definition were overbroad (i.e., encompassed all Taqmans) on the one hand, yet Roche did not understand Enzo's ICs (and the same Definition therein) to broadly accuse all of those same Taqman products on the other. *See Stanford Univ. v. Roche Molecular Sys., Inc.*, 2008 WL 624771, at *3 (N.D.Cal. Mar. 4, 2008.) During the ensuing meet and confer, Roche further refused to provide the requested Taqman discovery based on a new, spurious non-infringement theory (i.e, material differences between Roche/Applera Taqmans), demanding that Enzo prove infringement first. It was not until August 15 that Roche identified a dozen confidential documents produced May 31 (weeks after Enzo's April 2013 ICs amidst more than 240,000 pages), stating "If after reviewing the identified documents Enzo nevertheless believes that it has a viable infringement theory against the Taqman probes, please update your infringement contentions and set forth a Rule 11 basis for proceeding against those products." Enzo did so,[3] yet Roche continues to refuse to provide the *limited* discovery on Taqman being sought (i.e., *either* a financial summary per Interrog. Nos. 11-12 *or* the documentation.)

---

[2] Roche improperly conditioned answering these interrogatories on Enzo's supplementation of unrelated responses. The documents cited in n. 8 (a 2006 Annual Report, etc.) do not even come close to satisfying Enzo's requests.

[3] Enzo served supplemental ICs and infringement interrogatory responses, not because it believed it had not accused Taqman of infringement, but to clarify and confirm the opposite - that Taqman has always been accused - in response to Roche's purported mis-"understanding" of Enzo's longstanding contentions and demand for an update.

**The '523 Patent:** Enzo's Interrog. No. 9 (Ex. C) seeks discovery on Products that potentially infringe the '523 patent's chemical formula claims to novel linking structures. Roche's response "note[d]" previously accused Products but did not identify any (*id.*), asserting that identification of up to a thousand additional Products was unduly burdensome, and refusing to even conduct a search based on the incredible assertion that it has no tracking/searchable database (sales, manufacturing, etc.) for such Products. To cut through this, Enzo proposed an <u>initial</u> production of <u>only</u> chemical structures so that Enzo could confirm whether any/all are infringing (with further production for only Products so confirmed.) Roche refused. In a last effort, Enzo proposed to narrow its request to Products containing biotin-linked molecules attached via linker/bridging groups having at least 6 atoms, with 4 atoms in a direct chain, including oligo/polynucleotides made with a starting material, intermediate, or other less-than-2,000 MW molecule (e.g., mono-, di-, or tri-nucleotides.) Roche would not agree to comply until August 23 - <u>after</u> Enzo told Roche it would seek court intervention. To date, it has not done so.[4]

### C. Plaintiff Roche's Refusal to Identify the Most Knowledgeable Witnesses and Produce Them for Deposition in This District

Roche completely ignored Enzo's interrogatories seeking identification of the person(s) most knowledgeable of the discovery topics (Exs. A and C.) This has impeded Enzo's ability to proceed with depositions. It also left Enzo with no choice but to notice the deposition of all of the individuals identified in Roche's Rule 26(a) disclosures without the benefit of a response to Enzo's interrogatories.[5] Moreover, Plaintiffs have refused to produce any of its German witnesses in this judicial district where it brought suit against Enzo, insisting that they be deposed in Germany.[6] *See HTC Corp. v. Tech. Props.*, 2008 WL 5244905, *1 (N.D.Cal. 2008).[7]

### II. ROCHE'S POSITION

Enzo fails to mention that Roche has provided and/or agreed to provide the discovery at issue, with the exception of discovery relating to the Taqman® probes, which Enzo did not accuse of infringement until 9:58pm this past Thursday, August 29. The Court should reject Enzo's attempt to radically alter the contours of this case and imperil the revised case schedule by fundamentally changing its theories of infringement during the extended discovery period.

### A. Roche Has Provided, Or Agreed To Provide, Most Of The Discovery At Issue.

As Enzo knows, Roche has already agreed to supplement its interrogatory responses. The only obstacle in this regard has been Enzo's failure to respond to Roche's requests for

---

[4] Roche cites RE3449957-RE3452135, which contains only 4 chemical structures - the rest being German manufacturing records without structures Roche undoubtedly has for all its products. Roche would not say if it will object to amendment of Enzo's ICs to accuse products in this production, or those it will be making after today.

[5] In terms of "Taqman" depositions, Enzo seeks a witness on only two 30(b)(6) deposition topics (nos. 1(c) and 11) and has offered to drop at least a comparable number of the noticed Roche fact witnesses (for whom Roche has yet to provide any specific deposition dates, or identify which ones will need a translator.)

[6] There was never "agreement" to depose witnesses at their place of business, and Roche's depositions of 3rd party witnesses in Nevada and Maine have no bearing on the issue. Roche's representation last week that 26(a) individuals are the right people does not answer Enzo's interrogatories or help decide who need, or need not, be deposed.

[7] Scheduling/prejudice-wise, Roche's recent production (8/29) of over 50,000 pages, including thousands in German needing translation, with more to come after today, renders depositions in less than a week is an impossibility.

Honorable Judge Richard J. Sullivan
September 5, 2013
Page 4

supplementation of Enzo's responses to Interrogatory Nos. 1, 3, 6, 10, 11, 14 and 15. (Exs. H, I, J.) Roche reached out to Enzo *four separate times* and also proposed that the parties exchange supplemental responses to non-contention interrogatories on September 6 and contention interrogatories on September 13. Enzo never responded. The Court should adopt Roche's proposal and require the parties to supplement their responses by the proposed dates above.[8]

With respect to '523 patent discovery, it was not until August 8 that Enzo first narrowed the scope of its requests and not until August 23 that the parties reached agreement on how those requests would be further narrowed.[9] Roche has already produced responsive documents, Bates Nos. RE3449957-RE3452135, and currently expects to complete its document production by tomorrow, *i.e.* 14 days after the parties resolved their dispute.

### B. Discovery On Taqman® Probes Should Be Precluded Because Enzo Delayed In Amending Its Infringement Contentions To Accuse Those Products.

The issue for the Court to decide is whether discovery on the Taqman® probes should be precluded given that Enzo failed to timely assert any infringement claim relating to those products during discovery.[10] In accordance with this Court's Order and Local Patent Rule 6, Enzo was required to file Infringement Contentions on April 15, 2013, as one of the *very first steps* in connection with the discovery process. Dkt No. 99, ¶ 7(a). While Enzo identified certain Roche probes in its Infringement Contentions, including the Universal Probe Library® probes, the Taqman® probes were not identified as accused products. *Compare* Ex. L at 4-5 with Ex. M at 5-6.[11] Roche objected to the breadth of Enzo's discovery requests relating to the Taqman® probes (and unaccused products) generally in April 2013, *see* Ex. D at 2, 20-25, but nonetheless produced technical documents relating to Taqman® probes in May to allow Enzo to assess any infringement claim it believed it had, Bates Nos. RE3000000-RE3241442.

Enzo did not seek to discuss Roche's objections to discovery on Taqman® probes, did not review the technical documents that Roche produced, and did not update its infringement contentions or interrogatory responses. Even after Enzo first raised this issue in late July, Enzo simply did not respond to Roche's repeated requests to articulate a good faith basis for proceeding against the Taqman® probes.[12] *See, e.g., O2 Micro v. Monolithic Power*, 467 F.3d

---

[8] Roche has already produced the requested financial information. Bates Nos. RE3113649-RE3241451, RE3450122-RE3450187, RE3451425-RE3451433. Enzo also seeks discovery relating to certain "instruments." Although it is unclear to which instruments Enzo is referring, to the extent Enzo is referring to instruments associated with the Taqman® probes, discovery should be precluded on the same grounds as the probes themselves.
[9] The requests were further limited to structural information for molecules that are not oligo or poly-nucleotides.
[10] Enzo's *entire* argument is predicated on a misleading characterization of all Roche probes as "Taqman", even though Roche sells probes, for example the Universal Probe Library ® products, that are not marketed under the Taqman® brand. Enzo appreciates that fact, as its own infringement contentions and discovery requests show.
[11] Enzo cites its interrogatory responses from 2006 and the parties' discussions in connection with those responses. Regardless of whether those responses referenced the Taqman® probes, Roche reasonably relied on Enzo's 2013 Infringement Contentions. *See* Feb. 5, 2013 Joint Letter to the Court at 4-5 (explaining need for contentions given that the 2006 interrogatory responses were outdated in light of, inter alia, claim construction in the Applera case).
[12] The *Stanford* case cited by Enzo is distinguishable for at least those four reasons. In addition, the prejudice to Roche is clear given Enzo's belated effort to inject the Taqman® probes into this case eleven (11) days before the depositions of Roche's witnesses and less than four (4) weeks before the close of fact discovery.

1355, 1366 (Fed. Cir. 2006) ("If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation."). *It was not until this past Thursday evening*, that Enzo purported to supplement its infringement contentions and demanded unfettered discovery on the Taqman® probes. The fact that Enzo felt it necessary to supplement its contentions is powerful evidence that those products were not accused during the original fact discovery period.

Because the Taqman® probes implicate completely different documents, witnesses, and Roche business divisions than the products currently at issue, permitting discovery on those products at this time—eleven (11) days before the depositions of Roche's witnesses are to begin and less than four (4) weeks before the close of fact discovery[13]—would require that this case be restarted. Enzo claims to only seek "limited" discovery.[13] That misses the point because, regardless of the discovery sought by Enzo, Roche will be required to investigate and produce discovery to support its defenses with respect to the Taqman® probes, including discovery relating to the independent development, marketing, and intellectual property associated with those products. Simply put, the Court should not allow Enzo "to change the playing field late in the case and disrupt the orderly framework that the Patent Local Rules are designed to establish." Federal Judicial Center, *Patent Case Management Judicial Guide*, § 5.15 (2d ed. 2012).

### C. There Is No Basis For Requiring Roche's Witnesses To Travel To New York.[14]

Enzo's conclusory assertion that Roche witnesses should be deposed in New York ignores the fact that Roche is the *defendant* on permissive counterclaims relating to the '830 and '523 patents. *See Fortune v. Bly*, 118 F.R.D. 21, 22 (D. Mass. 1987) ("[F]iling of a permissive counterclaim results in a defendant-counterplaintiff being treated as a party plaintiff for purposes of any depositions"). Moreover, Roche brought its declaratory judgment claims in Enzo's home forum, where five Enzo cases were already pending, only because it would promote judicial economy for this Court to hear the related cases together. *See Manufacturers Hanover v. Palmer*, 798 F. Supp. 161, 165 (S.D.N.Y. 1992). Enzo's request is also directly contrary to the parties' agreement and practice. Every deposition in this case and the related cases pending before the Court has taken place at the witness's place of employment, requiring outside counsel to travel to, *inter alia*, Germany, the United Kingdom and the Netherlands. Even in connection with Roche's declaratory judgment claims, the parties agreed that depositions would occur at the witnesses' locations and, accordingly, Enzo took depositions of Roche witnesses in Germany. There is no basis to put Roche in the extremely burdensome position of having to bring seven German witnesses to the U.S. for depositions, particularly on claims where Roche is the defendant. As Roche advised Enzo *over a month ago*, those witnesses are all available to be deposed in Germany during the week of September 16, *i.e.* in 11 days. Enzo's demand appears to be another tactic to impose unfair burdens on Roche and to delay the close of discovery.

---

[13] Even the "limited" financial information that Enzo seeks would take several weeks to extract and compile given that much of the sales information from 1999-2009 that Enzo requests is hosted in archival, legacy databases.

[14] Enzo complains about its inability to identify witnesses. Setting aside the fact that Roche has also sought the identification of individuals with knowledge, *see* Section II.A, Roche represented on August 29 that the individuals listed in its Rule 26 disclosures are the relevant witnesses.

Respectfully submitted,

By: /s/ Richard C. Pettus
Richard C. Pettus
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

*Attorney for Enzo Biochem, Inc. and Enzo Life Sciences, Inc.*

By: /s/ Robert J. Gunther, Jr.
Robert J. Gunther, Jr.
WILMERHALE LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

*Attorney for Roche Diagnostics GmbH and Roche Molecular Systems, Inc.*