# GT GreenbergTraurig

**MEMO ENDORSED**

September 16, 2013

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-17-13
```

**BY E-MAIL (sullivannysdchambers@nysd.uscourts.gov)**

Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Room 615
New York, NY 10007

Re: *Roche Diagnostics v. Enzo Biochem*, No. 04 CV 4046 (RJS) (S.D.N.Y.)

Dear Judge Sullivan:

Pursuant to Local Civ. R. 6.3, Defendants and Counterclaim Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") respectfully request reconsideration of the Court's September 12, 2013 Order (D.I. 120) (the "Order") with respect to certain discovery matters. As detailed below, reconsideration is warranted in light of legal and factual matters presented in the parties' September 5, 2013 joint letter (the "Letter")[1] but which the Court appears to have overlooked, and to prevent manifest injustice resulting from the same. *See, e.g., R.B. ex rel A.B. v. Dept. of Education of City of New York*, No. 10 Civ. 6684 (RJS), 2012 WL 2588888, at *3 (S.D.N.Y. July 2, 2012).

### 1. Roche Should Be Compelled to Respond to Enzo's Damages Interrogatory and Provide a 30(b)(6) Witness With Respect to All of Its Taqman Products.

The premise of the Court's Order denying the limited remaining discovery[2] regarding the Taqman Products appears to be that "Enzo does not dispute that it neglected to accuse the Taqman products at issue here in its April 2013 infringement contentions" ("ICs"). (Order at 2.) Respectfully, by this statement, it appears that the Court may have overlooked the following:

- Enzo's *emphatic* dispute that it "has *always* accused Roche's Taqman Products of infringing" at least since 2006 (*see* Letter at 2; Exs. E-G, including accusation of Taqman Products "*including, but not limited to*," Universal Probe Taqman and any others);
- Enzo's April 2013 ICs "accused those *same* Taqman Products" (*id.* at 2, Ex. C);
- Enzo's Interrogatory No. 7 (served February 28, 2013) was specifically crafted with the April 15 ICs in mind in order to obtain a full and complete list of all of Roche's

---

[1] All Exhibits referenced herein were attached to the Letter.
[2] Enzo seeks only a response to its damages interrogatory no. 11 and a 30(b)(6) witness on only two categories, 1c (product structure) and 11 (damages/financials), with respect to these products. Roche's untimely production of a limited number of technical documents concerning the Cobas Taqman products (for the first time) *several weeks after Enzo's ICs had been served*, prevented Enzo from incorporating them into confirms its undeniable recognition of Enzo's February 2013, and very first document requests in 2006/2007, which specifically called for production of these Taqman documents, and those that were the subject of Enzo's Letter.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY*
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV*
TYSONS CORNER
WARSAW
WASHINGTON, D.C.
WHITE PLAINS
*OPERATES AS
GREENBERG TRAURIG MAHER LLP
*OPERATES AS
GREENBERG TRAURIG, S.C.
*A BRANCH OF
GREENBERG TRAURIG, P.A.
FLORIDA, USA
*STRATEGIC ALLIANCE
*OPERATES AS
GREENBERG TRAURIG GRZESIAK SP.K

> Taqman products which met a particularized Definition (*id.* at 2, Ex. C and definitions in Ex. K);
> - Roche does not dispute that Enzo's Definition encompassed all of its Taqman products;
> - Roche's non-responsive April 1st interrogatory answer did not identify its Taqman products (*id.* at 2, Ex. C);
> - Enzo's ICs specifically accused all products meeting that same Definition (*id.* at 2; *see also* Ex. L); and
> - Roche waited until August 6 to reveal its discovery position with respect to previously unknown sub-brands of Taqman products. (*id.* at 2).

Thus, contrary to the Court's apparent conclusion that Enzo has "develop[ed] new theories of infringement and recovery" to encompass the Taqman Products which Roche failed to identify, the evidence put before the Court clearly indicates that Enzo has consistently articulated its theory of infringement since 2006 and that Enzo has accused all Taqman products of infringement, including in its April 2013 ICs.[3]

Enzo also submits that it is manifestly unjust to condone Roche's refusal to timely answer Interrogatories squarely directed at eliciting a complete list (by tradename and product number) of the very same product variants of Taqman (i.e., hydrolysis probes) which Roche is uniquely positioned to provide, yet unjustifiably refused to give Enzo in time for its April 2013 ICs. Indeed, this is recognized in Local Patent Rule 6 which only requires the identification of infringing products "of which the party claiming infringement *is aware*." Enzo's Interrogatory No. 7 (Ex. C) was plainly written and timed to develop such awareness *before* service of its ICs, and Enzo supplemented its ICs—as it was required to do by Local Patent Rule 9—shortly after Roche finally identified those additional/withheld Taqman Products. (Letter at 2 n.2.)

For these reasons, Enzo respectfully requests the Court reconsider its Order and compel Roche to produce a response to its damages interrogatory no. 11 and a 30(b)(6) witness on product structure and damages with respect to all of its Taqman Products. Alternatively, Enzo respectfully requests the Court to clarify that Enzo may proceed with its infringement case against these products based on the discovery Roche has provided to date.

### 2. Roche's Promised Document Production and Interrogatory Responses Still Have Not Been Provided Placing the Current Schedule at Risk.

With respect to Roche's non-production of relevant financial information and chemical structures, the Court held that the dispute "had not ripened at the time of the parties' joint letter" and that "Roche was still in the process of complying" with its

---

[3] On this, Enzo further notes that its April 2013 ICs make mention of "Taqman" several times (Ex. L at 6, including "LightCycler Taqman" and "FastStart Taqman" products), accuse the specific products which Roche's documents refer to as "Taqman" (including Universal Probe), and made clear that the ICs should not be construed as limited by product tradenames and internal codes because Roche had refused to respond to its Interrogatory No. 7 requesting such information which Roche clearly had available to it but tactically withheld. (*Id.* at 3.)

Honorable Richard J. Sullivan, U.S.D.J.
September 16, 2013
Page 3

discovery obligations. (Order at 2.) Enzo respectfully revisits the Court's ruling in view of the fact that weeks later Roche has still not complied. Indeed, Roche has not produced the promised chemical structures, and its "supplemental" interrogatory responses which were served on Saturday of this weekend (on the eve of Enzo's trip to Germany to take some of the noticed depositions) fall far short of providing Enzo with the discovery it has requested (*see* Ex. A, Rog. 11), e.g., product-by-product revenue, costs, etc. With only two weeks left in the fact discovery period, Roche's failure to comply has prejudiced Enzo's ability to prepare for and take depositions (beginning next week in Germany) without the benefit of this highly relevant information. Accordingly, Enzo respectfully requests reconsideration of the Court's Order and that Roche be compelled to produce the promised chemical structures and serve complete, non-evasive interrogatory responses immediately.

In view of these still unresolved discovery deficiencies and delays, Enzo further requests that the fact discovery deadline be extended by two weeks to allow for receipt and use the discovery from Roche (e.g., the promised chemical structures, financial/damages information), interrogatory responses, including in connection with the depositions which have yet to be scheduled and taken. This extension should not impact any of the other dates in the schedule with respect to claim construction, which the parties should be able to do in tandem.

We thank the Court for its continued consideration of these matters.

Respectfully submitted,

By: /s/ Richard C. Pettus
Richard C. Pettus
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

*Attorney for Enzo Biochem, Inc. and Enzo Life Sciences, Inc.*

In order to facilitate the Court's speedy resolution of this dispute, Roche shall respond to this letter by 4:00 p.m. on Wednesday, September 18, 2013.

SO ORDERED
Dated: 9/17/13
RICHARD J. SULLIVAN
U.S.D.J.