# MEMO ENDORSED

WILMERHALE

November 12, 2013

**By Email**

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-14-13

Robert J. Gunther, Jr.

+1 212 230 8830 (t)
+1 212 230 8888 (f)
robert.gunther@wilmerhale.com

Re: *Roche Diagnostics GmbH et al. v. Enzo Biochem, Inc. et al.*, No. 04 Civ. 4046 (RJS)

Dear Judge Sullivan:

Pursuant to the Court's Individual Rule 2(A), this letter is submitted on behalf of Roche Diagnostics GmbH and Roche Molecular Systems, Inc. (collectively "Roche") to request a pre-motion conference regarding Roche's proposed motion to seek clarification of the Court's Orders dated September 12 and 19, 2013, Dkt. Nos. 120 and 122, which held that Enzo is "not entitled to discovery related to infringement of the Taqman products" and that there is "no basis . . . to permit [Enzo] to proceed with an infringement case against" the Taqman products.

Notwithstanding the Court's clear and unequivocal rulings, Enzo has taken the position that it is entitled to a second bite at the apple on the Taqman probes through its breach of contract claims. Drawing a completely artificial distinction between whether the Taqman probes "infringe" the '830 patent or are "covered by" that patent, Enzo has taken the position that it is entitled to proceed on a claim that Roche breached the parties' Distribution Agreement by selling Taqman probes that are "covered by" the '830 patent. The Court should reject Enzo's effort to subvert the Court's Orders and to seek to perpetuate a claim against the Taqman probes through the backdoor of its breach of contract claims, particularly when the '830 patent is the *only* patent asserted against the Taqman probes and, even under Enzo's breach of contract theory, Enzo would be required to show that the Taqman probes are "covered by" (*i.e.*, infringe) the '830 patent. Enzo had a duty to timely accuse the Taqman probes of infringement, and its failure to do so precludes further litigation on a necessary element of its breach of contract theory.

Roche's efforts to resolve this issue informally with Enzo have been unsuccessful, thus necessitating the proposed motion to clarify that the Court's Orders also apply to Enzo's claim that the Taqman products are "covered by" the '830 patent.

### A. The Court Has Twice Ruled Taqman Products Were Not Timely Accused, Yet Enzo Continues To Assert They Are "Covered By" An Enzo Patent."

In precluding discovery on the Taqman probes, the Court held that "in light of Enzo's track record of developing, in the midst of discovery, new theories of infringement and recovery, the Court is unwilling to grant Enzo discovery for products that it did not accuse by the Court's deadline." Dkt. No. 120. Enzo nevertheless seeks to proceed against the Taqman products under the guise of its breach of contract claims, on the theory that the parties' Distribution Agreement encompasses any product "covered by" an Enzo patent, regardless of whether that product is

- 2 -

listed in the exhibits to the Agreement.[1] The lack of merit with respect to that theory has been presented to the Court in Roche's pending motion for summary judgment, in which Roche demonstrates that the scope of the Agreement does not expressly prohibit Roche from manufacturing or selling products on its own and that the Agreement is also limited to the specifically-listed products that were covered by Enzo's patents. *See* Roche's Memorandum in Support of Summary Judgment on Non-Patent Claims and Related Defenses, dated Dec. 21, 2013, Dkt. No. 94 at 2, 11-12; Roche's Reply Memorandum in Support of Summary Judgment on Non-Patent Claims and Related Defenses, dated May 15, 2013, Dkt. No. 111 at 1-3; Notice of Supplemental Authority, Dkt. No. 116. But irrespective of whether the Court agrees with Roche's summary judgment positions and irrespective of whether any other products may be subject to Enzo's breach of contract theory, the Court should reject Enzo's effort to continue to litigate the Taqman probes for the following reasons:

***First***, even under Enzo's theory, Enzo was required to timely assert that the Taqman probes are "covered by" (i.e. infringe) the '830 patent, which it failed to do. As the Court made clear in both rulings, there is no "basis to permit Enzo to proceed with an infringement case against products," such as the Taqman products, that were not timely accused of infringement. During the parties' discussions on the issue, Enzo asserted that it is entitled to proceed against the Taqman probes on a breach of contract theory because the Court's rulings were limited to Enzo's patent infringement claims against the Taqman probes. That position is baseless. Enzo cannot plausibly explain the difference between the Taqman probes being "covered by" the '830 patent, which it would have to show in order to prove its breach of contract theory, and "infringement" of the '830 patent. *See Jang v. Boston Sci. Corp.*, 532 F.3d 1330, 1331-1332, 1334 n.5 (Fed. Cir. 2008) (breach of contract claim that products "were 'covered by' (i.e., infringed) the asserted patents" depends on "whether the [accused products] would have infringed" those patents).[2]

Moreover, Enzo's interrogatory responses identifying the specific Roche products that are the subject of its breach of contract claim expressly incorporate by reference Enzo's interrogatory responses on patent infringement issues. *See* Enzo's Response to Roche's Second Set of Interrogatories, dated April 29, 2005 (responding to Interrogatory 6(ii) request to "identify all Roche products, the development, manufacture, and distribution of which allegedly violate the 1994 Agreement" by directing Roche to "see Enzo's Amended Response to Interrogatory No. 1 and the accompanying infringement claim chart."); Enzo's Response to Roche Third Set of Interrogatories, Response to Interrogatory No. 16, dated May 20, 2005. In other words, Enzo *itself* has been treating the two issues as coextensive. The Court struck Enzo's infringement contentions and interrogatory responses to the extent they included the Taqman probes, and it should similarly reject Enzo's eleventh hour effort to create a nonexistent distinction between patent "coverage" and patent "infringement."

---

[1] There can be no serious dispute that the Taqman probes were never listed in the exhibits to the Agreement, nor were those products treated by the parties as listed in the exhibits.

[2] *See also Portney v. CIBA Vision*, 401 Fed. Appx. 526, 527, 529 (Fed. Cir. 2010); *Texas Instr. v. Tessera, Inc.*, 231 F.3d 1325, 1331 (Fed. Cir. 2000); *U.S. Valves v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000).

*Second*, the effect of allowing Enzo to proceed on its breach of contract theory against the Taqman probes would be no different from allowing a patent infringement claim against those products. As Roche explained in its letters to the Court, the Taqman probes implicate completely different documents, witnesses, and Roche business divisions than the products currently at issue in this case. Permitting discovery on those products at this late date—after the close of fact discovery and in the midst of the claim construction process—would require the parties to start from scratch on the issue of liability on the '830 patent, regardless of whether that liability is framed in terms of patent "coverage" or patent "infringement."[3]

    **B.    Enzo's Position On The Taqman Probes Is Precluding Meaningful Discussions Over Dismissal Of The '830 Patent Claims And Defenses.**

In view of the limited potential damages associated with the remaining Roche products accused of infringing the '830 patent, Enzo approached Roche about potentially stipulating to dismissal of the '830 patent infringement claims and defenses in this action. Such a stipulation would obviate the need for claim construction, expert discovery, and trial with respect to the '830 patent. Discussions over a potential stipulation ceased when the parties were unable to agree on the language of such a stipulation in light of Enzo's view that the Taqman probes could still be subject to its breach of contract claims. If Enzo's renewed effort to take further discovery on the Taqman probes is rejected, Roche believes that the parties will likely be able to reach a resolution that would withdraw the claims and defenses relating to the '830 patent and substantially streamline the remaining proceedings.

Respectfully yours,

/s/ Robert J. Gunther, Jr.
Robert J. Gunther, Jr.
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

*Attorney for Roche Diagnostics GmbH
and Roche Molecular Systems, Inc.*

```
Although the above request is styled as a motion to
seek clarification of the Court's September 12 and
September 19 Orders, the underlying issue is a dispute
over the scope of discovery relating to Enzo's breach
of contract claims.  Because this discovery dispute is
not raised in compliance with the Court's Individual
Practices, Rule 2.G, the Court will take no action with
respect to Defendants' request.
```

SO ORDERED
Dated: 11/14/13
RICHARD J. SULLIVAN
U.S.D.J.

---

[3] Enzo may argue that damages discovery in connection with its breach of contract claims in this case has been bifurcated and/or, as it did in connection with the Court's earlier rulings, that it only seeks "limited" damages discovery. That misses the point entirely because, regardless of the discovery sought by Enzo, Roche will be required to investigate and produce discovery to support its *liability* defenses with respect to the Taqman probes, including discovery relating to the independent development, marketing, and intellectual property associated with those products.