UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-31-13

ROCHE DIAGNOSTICS GMBH, *et al.*,

Plaintiffs,

-v-

ENZO BIOCHEM, INC., *et al.*,

Defendants.

No. 04 Civ. 4046 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the attached letter submitted by Enzo Biochem, Inc. and Enzo Life Sciences ("Enzo") and the response submitted by Roche Diagnostics GmbH and Roche Molecular Systems, Inc. ("Roche"). Enzo seeks leave to file a motion for sanctions against Roche because Roche has yet to fully comply with this Court's November 11, 2013 Order. In light of the fact that (1) Enzo has failed to comply with the Court's individual practices concerning discovery disputes (*see* Rule 2(G) of the Court's Individual Practices; *see also* Rule 37(a)(1) of the Fed. R. Civ. P.), and (2) Roche is apparently in the process of producing documents in compliance with the courts prior Order, Enzo's request for sanctions is deemed made and DENIED. Nevertheless, since this litigation was commenced more than nine years ago, the parties are urged to conclude discovery as expeditiously and courteously as possible.

SO ORDERED.

DATED:   December 31, 2013
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE



December 20, 2013

**BY E-MAIL (sullivannysdchambers@nysd.uscourts.gov)**

Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Room 615
New York, NY 10007

      Re:   *Roche Diagnostics GMBH et al. v. Enzo Biochem, Inc. et al.*
             No. 04 CV 4046 (RJS) (S.D.N.Y.)

Dear Judge Sullivan:

      Enzo respectfully submits this pre-motion letter pursuant to Section 2.A. of Your Honor's Individual Practices concerning its contemplated motion for sanctions against Roche for failing to comply with Your Honor's order dated November 11, 2013 ("the Order"). (*See* Dkt. 129.)

      On November 11, 2013, this Court issued its Order requiring Roche "to produce licenses and agreements related to the Elecsys/ECL products accused of infringing the '523 patent." (Order at 3.) Over a month later, however, Roche has yet to produce a *single* document in compliance with that Court Order.[1] When asked, Roche has refused to commit to producing these court-ordered documents by a date certain, stating only that, "… we are continuing to gather those and, once that step is complete, we will also need to obtain third party consents and/or provide third party notice before producing the licenses to Enzo." (Nov. 25, 2013 email from O. Khan to R. Pettus.)

      As Your Honor correctly found, these documents are relevant, and they are also responsive to Enzo's discovery requests that were served long ago. (Order at 3.) Roche's continued stalling tactics in the face of a direct Order of this Court, with respect to discovery that should have been provided <u>before</u> Enzo was forced to take multiple depositions in Germany and the U.S. without the benefit of this unquestionably relevant information, is completely unjustified. Roche's violation continues to prejudice Enzo's ability to prepare its case for trial, including to complete fact discovery that is necessary to prepare its expert reports on damages and liability.

      Having been ordered to provide this discovery, and having unjustifiably ignored and failed to comply with this Court's Order, Enzo respectfully submits that "just sanctions" are

---

[1] Upon being confronted with this pre-motion letter earlier today, Roche indicated that it would be producing some unknown number of responsive documents (which Roche apparently has had in its possession all along), but that it would not be producing all responsive documents because Roche allegedly still has not obtained the consent of certain unspecified third parties that is supposedly required for the remaining unknown number of other responsive agreements (which documents presumably have also been in its possession all along) and could not provide a timeframe for their production.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building ■ 200 Park Avenue ■ New York, NY 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

Honorable Judge Richard J. Sullivan
December 20, 2013
Page 2

appropriate. Fed. R. Civ. P. 37(b)(2). As Your Honor has acknowledged, the Court has "broad discretion" in fashioning such sanctions. *See Glencore Denrees Paris v. Dept. of Nat'l Store Branch 1*, No. 99 Civ. 8607(RJS), 2008 WL 4298609, at *4 (S.D.N.Y. Sept. 19, 2008). Accordingly, Enzo's contemplated motion would seek the following sanctions to cure the prejudice it has suffered and to deter similar conduct in the future:

- An Order further compelling Roche to produce <u>all</u> of the improperly withheld licenses, and to certify that all such documents have been produced, by a date certain to be set by the Court, on pain of further sanctions, including preclusion of expert testimony offered by Roche on issues relating to these documents such as damages;

- An Order permitting Enzo to take a 30(b)(6) deposition on the substance and issues raised by these improperly withheld licenses, to be held in New York at Roche's expense, and extending the discovery period for this limited purpose; and

- An Order requiring Roche to pay Enzo's reasonable expenses, including attorney's fees, in connection with attempting to obtain the withheld licenses, including those pertaining to the original discovery dispute raised with the Court on November 5, 2013, and in connection with the contemplated motion. *See* Fed. R. Civ. P. 37(b)(2)(C) (requiring the Court to order payment of reasonable expenses, including attorney's fees, caused by noncompliance).

Accordingly, Enzo hereby requests leave to file its anticipated motion or a pre-motion conference regarding same.

Respectfully submitted,

By: /s/ Richard C. Pettus
Richard C. Pettus
GREENBERG TRAURIG, LLP

*Attorney for the Enzo parties*

WILMERHALE

December 26, 2013

**By Email**

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Roche Diagnostics GmbH et al. v. Enzo Biochem, Inc. et al.*, No. 04 Civ. 4046 (RJS)

Dear Judge Sullivan:

    This letter is submitted on behalf of Roche Diagnostics GmbH and Roche Molecular Systems, Inc. (collectively "Roche") in response to Enzo's December 20, 2013 letter raising an alleged "violation" of the Court's November 11, 2013 Order and seeking, *inter alia*, to compel the production of the additional Elecsys-related agreements that are the subject of that Order.[1]

    This is the fourth time that Enzo has raised a discovery issue with the Court without first discussing it with Roche and/or attempting to resolve it privately without the Court's intervention.[2] *See* Dkt. No. 120 at 2 ("[I]t is not clear why Enzo decided to raise this issue with the Court while Roche was still in the process of complying"); Dkt. No. 122 at 1 n.1 (Enzo's letter does not "describe *any* efforts to resolve" the issue) (emphasis in original); *id.* at 2 n.2 (Enzo has "not even attempt[ed] to discuss" the sufficiency of Roche's discovery). Enzo's pattern of raising discovery issues that are unripe and easily resolved by way of a short telephone discussion between counsel is inexplicable.

    This time, in particular, Enzo's tactic is even more curious. In the routine back-and-forth regarding various issues in the litigation, Enzo inquired about the status of production of the

---

[1] By July 2013, Roche had already produced a large volume of Elecsys licenses relating to the asserted patents and/or the accused features of the Elecsys products. *See* November 5, 2013 Joint Letter to the Court at 5. Roche took the position that it should not be required to produce additional Elecsys-related licenses and agreements as to which Enzo had not established any nexus to the asserted patents and/or the accused features. *Id.* (citing *Funai v. Orion*, 2002 WL 1808419 at *15-16 (S.D.N.Y. 2002) (holding that "licenses unrelated to the Patents-in-Suit" were not discoverable)). The Court concluded that, in this case, the additional Elecsys-related agreements were discoverable given the "broad" discovery standard under Federal Rule of Civil Procedure 26. Dkt. No. 129 at 3.

[2] The meet-and-confer requirement applies to *any* motion for an "order compelling disclosure or discovery," Fed. R. Civ. P. 37(a)(1), including motions accompanied by a request for sanctions based on an alleged violation of a Court order. *See, e.g., Time Inc. v. Simpson*, 02-cv-4917, 2002 WL 31844914 at *1-2 (S.D.N.Y. Dec. 18, 2002); *Mkhitaryan v. U.S. Bank, N.A.*, 11-cv-01055, 2013 WL 557275 at *4-5 (D. Nev. Feb. 12, 2013); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 05-cv-2164, 2007 WL 1054279 at *8 (D. Kan. Apr. 9, 2007).

additional Elecsys-related license agreements. Shortly thereafter, Roche responded as follows:

> With respect to your question regarding the Elecsys licenses, we are continuing to gather those and, once that step is complete, we will also need to obtain third party consents and/or provide third party notice before producing the licenses to Enzo. We are happy to discuss the status of the collection and production efforts on a call this week or next.

November 25, 2013 Email from O. Khan to R. Pettus. Enzo did not take Roche up on its offer, and there has been no further discussion on the issue.[3]

Had Enzo attempted to discuss the issue with Roche, it would have learned that Roche has been diligently locating, collecting, reviewing, and seeking third party consents for the agreements that are the subject of the Court's Order; that Roche was about to make a partial production of responsive documents on December 20 (the same day that Enzo sent its pre-motion letter to the Court); and that Roche will have substantially satisfied its obligations with respect to the relevant agreements by the end of this week, with the expectation that the handful of remaining agreements that are the subject of ongoing discussions with third parties will be produced by the first or second week of January.

Enzo complains that it has been over a month since the Court ruled on the parties' dispute over the discoverability of additional license and customer agreements relating to the accused Elecsys products. As Roche pointed out in its section of the joint letter to the Court, Enzo's request potentially implicates numerous agreements and the task of locating those agreements has been complicated by the fact that Enzo seeks license and customer agreements going back to 1994, *i.e.*, almost twenty years ago. Furthermore, many of the agreements contain third party confidential information that is often the subject of express confidentiality provisions in the agreements themselves. In order to comply with its confidentiality obligations, Roche has been notifying and/or seeking the consent of relevant third parties prior to producing those agreements to Enzo. That process has been delayed by the intervening Thanksgiving, Christmas, and New Year's holiday periods, which have made it more difficult to discuss and receive any necessary

---

[3] Enzo's pre-motion letter is misleading to the extent it suggests that the parties discussed the issue on December 20. *See* Enzo's December 20, 2013 Pre-Motion Letter at 1 n.1. Roche was alerted to Enzo's intentions at 1 P.M. on December 20, approximately three hours before Enzo filed its pre-motion letter. At the time, the parties were in the process of finalizing their joint letter to the Court regarding a proposed scheduling order, as required by the Court's December 6, 2013 Order. Roche received Enzo's draft insert to that joint letter, which stated in a footnote that "Roche's non-compliance" with the Court's November 11 Order "is the subject of Enzo's separately filed pre-motion letter." Enzo presented its pre-motion letter as a *fait accompli* and did not, either before or after sending Roche its draft insert to the parties' joint letter, seek to ascertain the status of Roche's collection and production efforts. Enzo's summary of Roche's response, *see* Enzo's December 20, 2013 Pre-Motion Letter at 1 n.1, is based **solely** on the section of the parties' joint letter that Roche drafted in response to Enzo's footnote, *see* December 20, 2013 Joint Letter to the Court at 2 n.6, and **not** on any further discussion between the parties on this issue.

- 2 -

- 3 -

third party approvals given the vacation plans of those third parties' inside and outside counsel. Indeed, several third parties have indicated that their offices are closed from Christmas Eve until January 6.

Despite the significant obstacles associated with Roche's contemplated production, as noted above, Roche's efforts have resulted in substantial progress being made. The current expectation is that all of the agreements that are the subject of the Court's order will be produced by the first or second week of January. Roche made a partial production of relevant license agreements this past Friday, December 20. Tomorrow, Roche will make a further production of relevant customer agreements that were located during a reasonably diligent search of Roche's on-site paper and electronic files. The remaining customer agreements have been archived in an off-site storage facility in Indianapolis, Indiana, which is being made available for inspection at a date and time mutually convenient to the parties. All that remains are a handful of agreements as to which Roche is in ongoing discussions with the relevant third parties. Those discussions have been stalled due to the holiday season but are expected to resume and be completed shortly thereafter.

Accordingly, for the foregoing reasons, the Court should deny Enzo's request for a pre-motion conference.[4] In addition, Roche respectfully requests that Enzo be directed to fully comply with the Court's meet-and-confer requirements prior to seeking judicial intervention with respect to any other discovery disputes.

Respectfully yours,

By: /s/ Robert J. Gunther, Jr.

WILMERHALE LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

*Attorney for Roche Diagnostics GmbH and Roche Molecular Systems, Inc.*

---

[4] Enzo's requested relief reveals the true purpose of its pre-motion letter: reopening the fact discovery period and taking a second deposition on the Elecsys licenses. Enzo did not request any such relief when it initially raised this discovery dispute with the Court. *See* November 5, 2013 Joint Letter to the Court at 3. Nor could Enzo have sought any such relief at that time. Enzo brought this issue to the Court's attention on November 5, 2013, *after* the twice-extended fact discovery period had been closed for over two weeks. *See* Dkt. No. 115 (granting extension to September 30); Dkt. No. 123 (granting extension to October 21). There was no excuse for not raising the issue earlier. *See, e.g., Enzo BioChem, Inc. v. Orchid Biosciences, Inc.*, 03 Civ. 3819, Dkt. No. 87 at 1 (Enzo failed to explain, at the time of raising the dispute, why it did not "raise this dispute with the Court prior to the close of discovery" or "why the Court should grant additional time for discovery now that the deadline for discovery has passed").