**TO BE FILED UNDER SEAL**
**FOR *IN CAMERA* REVIEW**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENZO BIOCHEM, INC., et ano.,         :
                                     :
                 Plaintiffs,     :
v.                                   :      03 Civ. 3816 (RJS)
                                     :
MOLECULAR PROBES, INC.,              :
                                     :
                 Defendant,      :
------------------------------------------------------------X
ENZO BIOCHEM, INC., et ano.,         :
                                     :
                 Plaintiffs,     :
v.                                   :      03 Civ. 3817 (RJS)
                                     :
PERKINELMER, INC., et ano.,          :
                                     :
                 Defendants,     :
------------------------------------------------------------X
AFFYMETRIX, INC.,                    :
                                     :
                 Plaintiff,      :
v.                                   :      03 Civ. 8907 (RJS)
                                     :
ENZO BIOCHEM, INC., et ano.,         :
                                     :
                 Defendants,     :
------------------------------------------------------------X
ENZO LIFE SCIENCES, INC.,            :
                                     :
                 Plaintiff,      :      04 Civ. 1555 (RJS)
v.                                   :
AFFYMETRIX, INC., et ano.,           :
                                     :
                 Defendants,     :
------------------------------------------------------------X
ROCHE DIAGNOSTICS GMBH, et ano.,     :
                                     :
                 Plaintiffs,     :
v.                                   :      04 Civ. 4046 (RJS)
                                     :
ENZO BIOCHEM, et ano.,                :
                                     :
                 Defendants.     :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW

**TO BE FILED UNDER SEAL**
**FOR *IN CAMERA* REVIEW**

**Table of Contents**

**PAGE**

BACKGROUND ............................................................................................................................3
    A.    The Commencement of the Actions and GT's Representation ...........................................3
    B.    Enzo's Failure to Meet its Obligations................................................................................6

ARGUMENT.................................................................................................................................. 8
CONCLUSION ............................................................................................................................10

**TO BE FILED UNDER SEAL**
**FOR *IN CAMERA* REVIEW**

Greenberg Traurig, LLP ("GT") hereby moves pursuant to Local Civil Rule 1.4 to withdraw from its representation of Enzo Biochem, Inc. and Enzo Life Sciences, Inc. ("Enzo") in the five related cases captioned above (collectively the "Litigation"). GT should be allowed to withdraw because (1) Enzo has not paid GT its fees and expenses,

GT has attempted repeatedly and patiently to work with Enzo to resolve the matter, all the while incurring fees and paying expenses in order to meet the deadlines set by the Court and prepare for scheduled trials. Enzo, however, has not paid any fees incurred since September 2013 and has refused to do so. The outstanding fees total          as of the end of February, representing significant and intense work for damages discovery, motion practice and trial preparation. GT has been incurring fees in the amount of approximately          a month for the past six months, and expects to incur fees at a higher rate as the trials approach. Enzo has also failed to pay GT's expenses in the amount of          the bulk

After numerous attempts by GT to have Enzo live up to its obligations, we as outside counsel for GT wrote to Enzo on February 26 and March 7, 2014 in an effort to resolve the matter without judicial intervention. We advised Enzo that GT would prefer to resolve the matter amicably, but that absent a resolution, GT would be forced to file a motion to withdraw. Only after our second letter did we hear from Enzo, but only to initially ask for more time to

discuss the matter and then only to repeat a prior proposal which GT had already told Enzo was unacceptable.

In addition to refusing to meet its financial obligations,

Enzo has further put GT in an untenable situation. Enzo has advised GT

GT recognizes that the posture of the Litigation has to be considered in deciding a motion to withdraw. At present, two of the remaining cases have not be set for trial, nor has the Court set a discovery schedule for damages and no damages discovery has been conducted. The

2

postures of these two cases favor granting the withdrawal. As to the other two remaining cases, one of them is set for trial in May 2014. As to the other, the Court has recently adjoined the trial scheduled for March 2014 without date. While these two cases are relatively close to trial, the combination of Enzo's refusal to pay significant outstanding fees and expenses already incurred and which are expected to continue at the same or higher rate,

## BACKGROUND

A. **The Commencement of the Actions and GT's Representation**

The basic facts and a chronology of these cases are provided in the Declaration of Michael Burrows of GT, dated March 17, 2014. For the Court's convenience, the salient facts are summarized below.

The five pending actions, together with three other related cases,[1] were commenced between 2002 and 2004, when Enzo was represented by other law firms. The Enzo Litigation concerns claims by Enzo for patent infringement and breach of contract, as well as claims by the opposing parties for declaratory judgment and breach of contract. The complaints on behalf of Enzo, as plaintiff, were filed in the first five cases by Anderson Kill & Olick PC ("Anderson Kill"). Enzo's complaint in the sixth case and answer in the seventh cases were filed by Morrison Cohen Singer & Weinstein LLP ("Morrison Cohen"). The complaint in the eighth case

---

[1] The other three cases, which are not at issue in this motion, have been settled and dismissed: *Enzo Biochem, Inc. v. Amersham*, 02 Civ. 8448 (RJS); *Enzo Biochem, Inc. v. Orchid Biosciences, Inc.*, 03 Civ. 3819 (RJS); and *EnzoBiochem, Inc. v. Sigma Aldrich Corp.*, 03 Civ. 3820 (RJS). Burrows Decl., note 1.

was filed against Enzo in May 2004 and Greenberg appeared for Enzo in July 2004 in that case. Burrows Decl. ¶¶2-3.

July 2004, GT was substituted in and appeared for Enzo in all of the above referenced eight cases (collectively the "Enzo Litigation"). Burrows Decl. ¶3.

The Enzo Litigation was undertaken by GT pursuant to a retainer agreement which provided that GT would be compensated

The Enzo Litigation was assigned to Judge Sprizzo, who ordered that the eight cases be consolidated for discovery purposes and directed that discovery be bifurcated. The parties were ordered to conduct discovery on liability first and, once certain liability issues have been determined on summary judgment, damages. Judge Sprizzo then set a schedule for summary judgment on the contract claims. The defendants filed their summary judgment motion in January 2007. The motions remained *sub judice* when Judge Sprizzo passed away in December 2008 after a long illness. Burrows Decl. ¶¶5-7.

In January 2009, the Enzo Litigation was reassigned to the Hon. Richard H. Sullivan. Judge Sullivan denied the pending motions for summary judgment and ordered a stay of the

TO BE FILED UNDER SEAL
FOR *IN CAMERA* REVIEW

Enzo Litigation in March 2009, which remained in effect until August 2011, pending an appeal in a related case from the United States District Court in Connecticut to the Federal Circuit. Burrows Decl. ¶9.

On September 24, 2012, Judge Sullivan granted summary judgments on some of Enzo's patent claims denying them with regard to others. Burrows Decl. ¶10. The defendants' summary judgment motions on the contract claims were fully briefed and submitted on May 15, 2013. By September 2013, decisions on those motions were imminent. Oral argument on Amersham's motion had been held before Judge Sullivan on August 30, 2013. On September 18, Judge Sullivan set September 27th for oral argument on PerkinElmer's motion for summary judgment. Burrows Decl. ¶20.

On October 22, 2013, Amersham's motion for summary judgment on Enzo's contract claims was granted and that case (02 Civ. 8448) was then settled and dismissed. Burrows Decl. ¶21.

On October 28, 2013, Judge Sullivan granted in part and denied in part PerkinElmer's motion for summary judgment. He set a trial date of January 13, 2014 for the remaining contract and patent claims and directed the parties to submit a discovery schedule by November 1st. In November, activity on the PerkinElmer case increased dramatically as the parties conducted damages discovery, including expert discovery, and prepared for trial. Burrows Decl. ¶¶22-24.

**TO BE FILED UNDER SEAL**
**FOR *IN CAMERA* REVIEW**

B.  **Enzo's Failure to Meet its Obligations**

Up until that time, Enzo had paid all of GT's bills as per the Engagement Letter. Burrows Decl. ¶¶12-13.

Enzo stopped paying GT's bills. In February 2013, Enzo's Chairman and Chief Executive Officer, Dr. Elazar Rabbani, told GT that he did not want to pay GT's bills            He asked GT for a modification of the fee agreement in the Engagement Letter. These discussions continued into March and April 2013. Burrows Decl. ¶¶15-16.

To accommodate Enzo, GT agreed to a

Enzo made the payments for the months of April, May, June, and July 2013. Enzo paid GT's bill for the month of August 2013,     but thereafter stopped paying GT's fees altogether. Burrows Decl. ¶¶16-18.

As of the end of February, GT is owed a total of            in fees and expenses. In particular, from September 2013 through February 2014, GT incurred           in fees.[3] In addition, GT has incurred significant expenses      of which remain unpaid.

Over the past six months, GT has incurred monthly fees ranging from

---

6

**TO BE FILED UNDER SEAL
FOR *IN CAMERA* REVIEW**

Because GT is currently preparing two of the cases for trial, the fees and expenses are expected to be incurred at a similar or higher rate. Burrows Decl. ¶43.

**C.**

**D.**

## ARGUMENT

An attorney may be relieved as counsel upon a showing of satisfactory reasons pursuant to Local Civil Rule 1.4. Because of Enzo's refusal to pay its legal fees and expenses,

GT has satisfactory reasons to withdraw. *United States v. Up to $6,100,000 on Deposit*, No. 07-cv-4430(RJS), 2009 WL 1809992, at *2 (S.D.N.Y. 2009) (Sullivan, J.); *Kariman v. Time Equities, Inc.*, No. 10-cv-3773(AKH)(JCF), 2011 WL 1900092 (S.D.N.Y. 2011). As this Court explained:

> "Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason for withdrawal" if counsel under Local Civil Rule 1.4
> . . .
> Withdrawal is also appropriate when irreconcilable differences exist between client and counsel.

*Up to $6,100,000 on Deposit*, 2009 WL 1809992, at *5.

Here, there is no question that Enzo has refused to pay GT's fees and expenses for the past six months, and has told GT that it would not do so.

*Fed. Ins. Co. v. Yusen Air & Sea Serv. Ltd.*, No. 97-cv-3830(HBT)(HK), 2001 WL 498412, at *2 (S.D.N.Y. 2001) ("it is well established that lack of cooperation and communication by a client and a refusal to pay fees are sufficient reasons for granting withdrawal"); *Promotica of America, Inc. v. Johnson Grosfeld, Inc.*, No. 98-cv-7414, 2000 W L 424184, at *1 (S.D.N.Y. 2000)

8

have created irreconcilable differences between client and counsel, providing satisfactory reasons for withdrawal. *Up to $6,100,000 on Deposit*, 2009 W.L. 1809992, at *5

*Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01-cv-2950(DAB), 2005 WL 1963945 (S.D.N.Y. 2005) ("strained attorney-client relationship" between client and counsel constitute irreconcilable differences warranting withdrawal).

### Charging Lien

The Court should grant GT a charging lien against any future recovery from the Litigation. New York Judiciary Law Section 475; *Tipoo v. Cohen Slamowitz, LLP*, No. 11-cv-6046(RJS), 2012 WL 1981482 (S.D.N.Y. 2012) (Sullivan, J.) (allowing charging lien where counsel is permitted to withdraw); *Callaway Golf Co. v. Corp. Trade Inc.*; No. 10-cv-1676(GBD)(JCF), 2011 WL 2899192, at *3 (S.D.N.Y. 2011) ("good cause" necessary to grant charging lien exists where counsel was permitted to withdraw due to non-payment). The Court

need not determine the amount of the lien at this time. That would permit the parties to agree on a particular amount at the appropriate time, failing which the parties can then seek a judicial determination.

## CONCLUSION

For the reasons explained above, GT should be permitted to withdraw and awarded a charging lien.

Dated: March 17, 2014

                                        STEPTOE & JOHNSON, LLP

                                        By: /s/ Michael C. Miller
                                        Michael C. Miller, Esq.
                                        Justin Y. K. Chu, Esq.
                                        1114 Avenue of the Americas
                                        New York, NY 10036
                                        (212) 378-7616 (phone)
                                        (212) 506-3950 (fax)
                                        *Attorneys for Greenberg Traurig, LLP*