UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENZO BIOCHEM, INC., *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>MOLECULAR PROBES, INC.,<br><br>Defendant. | No. 03 Civ. 3816 (RJS)<br>SEALED<br>MEMORANDUM AND ORDER |
| ENZO BIOCHEM, INC., *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>PERKINELMER, INC., *et al.*,<br><br>Defendants. | No. 03 Civ. 3817 (RJS)<br>SEALED<br>MEMORANDUM AND ORDER |
| ROCHE DIAGONOSTICS GMBH, *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>ENZO BIOCHEM, INC., *et al.*,<br><br>Defendants. | No. 04 Civ. 4046 (RJS)<br>SEALED<br>MEMORANDUM AND ORDER |

RICHARD J. SULLIVAN, District Judge:

Now before the Court are Greenberg Traurig's motions to withdraw as counsel of record for Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo"), dated March 17, 2014, in each of the three related matters pending before the Court (collectively "the Enzo

matters").[1] Greenberg Traurig also seeks to confirm its charging lien, pursuant to New York Judiciary Law § 475 ("Section 475"), against any future recovery in the Enzo matters. For the reasons set forth below, the Court grants Greenberg Traurig's motions to withdraw and confirms Greenberg Traurig's statutory entitlement to a charging lien, but reserves decision regarding the amount of any charging lien.

## I. BACKGROUND

Greenberg Traurig's motions to withdraw, dated March 17, 2014, included (1) a letter from Greenberg Traurig's counsel, (2) a memorandum of law in support of the motions, and (3) a declaration in support of the motions from Greenberg Traurig attorney Michael Burrows. (Doc. Nos. 223, 229–230.)[2] Enzo's opposition, dated March 25, 2014, included (1) a letter from Enzo's counsel retained in connection with these motions, (2) a memorandum of law in opposition to the motions, and (3) a declaration in opposition to the motions from Enzo CEO Elazar Rabbani. (Doc. No. 234.) On March 31, 2014, the opposing parties in the Enzo matters submitted various memoranda and declarations in opposition to the motions. (Doc. No. 156 (No. 03 Civ. 3816, *Enzo Biochem, Inc., et al. v. Molecular Probes, Inc.* ("*MPI*")); Doc. Nos. 235–236 (*PerkinElmer*); Doc No. 143 (*Affymetrix I*); Doc No. 138 (*Affymetrix II*); Doc. Nos. 170–171 (No. 04 Civ. 4046, *Roche Diagnostics GMBH, et al. v. Enzo Biochem, Inc., et al.*

---

[1] Greenberg Traurig also moved to withdraw in two additional related matters, No. 03 Civ. 8907, *Affymetrix, Inc. v. Enzo Biochem, Inc., et al.* ("*Affymetrix I*") and No. 04 Civ. 1555, *Enzo Life Sciences, Inc. v. Affymetrix, Inc.* ("*Affymetrix II*"). *Affymetrix I* and *Affymetrix II* have since settled.

[2] The papers filed in connection with Greenberg Traurig's motions were simultaneously filed in all of the Enzo matters. For clarity, the Court cites only the docket entries in the No. 03 Civ. 3817, *Enzo Biochem, Inc., et al. v. PerkinElmer, Inc., et al.* ("*PerkinElmer*") case, unless otherwise indicated. Many of these entries contain only a redacted version of the referenced document. The unredacted versions are currently under seal for the reasons articulated in the Court's Order dated March 18, 2014, including the need to consider the motions to withdraw in camera to prevent Enzo from being prejudiced by the application of counsel to withdraw. (Doc. No. 224.) As the Enzo matters progress and are resolved, the Court will direct the parties to address whether the various documents should remain under seal and will likely unseal most or all of the record related to Greenberg Traurig's motions.

("*Roche*")).) On April 7, 2014, Greenberg Traurig filed its reply in further support of its motions, which included (1) a memorandum of law in further support of its motions, (2) a second declaration of Michael Burrows, and (3) a declaration of Jeffrey R. Mann, also a Greenberg Traurig attorney. (Doc. Nos. 242–244.) At that point, Greenberg Traurig's motions were fully briefed.

On April 21, 2014, the Court held a hearing in connection with these motions.[3] At the start of the hearing, Enzo advised the Court that both the *Affymetrix I* and *Affymetrix II* matters,

were close to settlement. The Court then took testimony from Mann and Burrows of Greenberg Traurig and Rabbani of Enzo.

. The Court reserved judgment on Greenberg Traurig's motions, and instructed the parties to provide an update with respect to Enzo's settlement discussions one week later. In the meantime, *Affymetrix I* and *Affymetrix II* settled. On April 28, 2014, the parties submitted a joint letter to the Court, in which Enzo

asked the Court defer a decision on Greenberg Traurig's motions until at least May 12, 2014. Greenberg Traurig opposed, stating that the motions to withdraw should be decided forthwith. In a sealed Order dated April 28, 2014, the Court denied Enzo's request and stated that it intended to issue a ruling shortly. The next day, Enzo informed the Court that it wished to withdraw its objection to Greenberg Traurig's motions to withdraw and therefore deemed Greenberg Traurig's representation terminated.

Enzo claims that its change in position was motivated by a letter sent by Greenberg

[3] For the reasons articulated in the Court's Order dated April 17, 2014, the transcript of the hearing is currently

Traurig's counsel to PerkinElmer's counsel concerning a charging lien in connection with Greenberg Traurig's outstanding fees and expenses. One day later, on April 30, 2014, Greenberg Traurig responded to Enzo's submission and reiterated its request that the Court grant its motions to withdraw. Within hours, Enzo submitted a reply declaring that Greenberg Traurig's motions to withdraw should be deemed moot.

## II. Motions to Withdraw

Local Civil Rule 1.4, which governs the withdrawal of an attorney of record, provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

*See* Local Civil Rule 1.4. Accordingly, because an attorney "may not withdraw from a case without leave of the Court granted by order," Enzo's withdrawal of its objection to Greenberg Traurig's motions in no way moots the request, which remains before the Court – and is contested by the opposing parties in the Enzo matters. Rather, the Court must consider two factors when considering a motion to withdraw: first, the reasons for withdrawal, and second, the disruptive impact of the withdrawal on the proceeding. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, *1 (S.D.N.Y. Feb. 17, 2011). "Although there is no definitive standard for what constitutes a 'satisfactory reason' for allowing a withdrawal, district courts in the Second Circuit have repeatedly affirmed that the non-payment of legal fees is sufficient." *Ashmore v. CGI Grp., Inc.*, No. 11 Civ. 8611 (AT), 2013 WL

under seal. (Doc. No. 246.) There is currently no publicly available redacted version.

5863569, at *1 (S.D.N.Y. Oct. 30, 2013), *vacated in part on other grounds*, 2014 WL 1414314 (S.D.N.Y. Apr. 7, 2014); *see also Melnick v. Press*, No. 06 Civ. 6686 (JFB), 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."). A "satisfactory reason" may also include a client's lack of cooperation and irreconcilable conflict between attorney and client. *See Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005). can also support a finding of a "satisfactory reason" to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 323 (2d Cir. 1999) (permitting counsel to withdraw in part because of if certain legal strategies were not followed). Although district courts have to be sensitive to disruptive delays caused by withdrawal of counsel, "there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Id.* at 321.

In its moving papers, Greenberg Traurig presents three reasons in favor of granting its motions to withdraw. First, Greenberg Traurig asserts that Enzo has refused to pay outstanding fees and expenses in excess . Second, Greenberg Traurig maintains that Enzo's

. Third, Greenberg Traurig claims that Enzo has

. By contrast, Enzo's moving papers either deny or avoid addressing these assertions. In order to resolve the stark discrepancies in the parties' submissions, the Court heard testimony from Greenberg Traurig and Enzo witnesses on April 21, 2014.

. Accordingly, the Court finds that the combination of Enzo's non-payment of legal fees and constitute a "satisfactory reason" to grant Greenberg Traurig's motions to withdraw. The fact that Greenberg Traurig's motions to withdraw are now unopposed by Enzo does not alter the Court's analysis. Indeed, the Court would have granted Greenberg Traurig's motions despite Enzo's opposition.

## III. CHARGING LIEN

Because the Court relieves Greenberg Traurig as counsel of record, the Court turns to Greenberg Traurig's entitlement to a charging lien against Enzo's recovery pursuant to Section 475. Section 475, which "governs attorneys' charging liens in federal courts sitting in New York," *see Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998), provides, in part:

> From the commencement of an action, . . . the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475. An attorney's charging lien "upon his client's recovery is a vested property right created by law and not a priority of payment." *See In re Washington Square Slum Clearance,* 157 N.E.2d 587, 589 (N.Y. 1959). Where an attorney "possesses a charging lien under Section 475 by operation of law, the district court's task [is] simply to fix the amount of the lien . . . ." *Itar-Tass Russian News Agency*, 140 F.3d at 453.

Turning to the potential impact of an attorney's withdrawal on a charging lien, it is well-established that "[c]ounsel who withdraw voluntarily are entitled to enforce this charging lien, provided that the withdrawal is for good and sufficient cause." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *4 (S.D.N.Y. May 11, 2011) (internal citation and quotation marks omitted); *see also Itar-Tass Russian News Agency*, 140 F.3d at 451 ("It should be noted that [the lawyer's] permitted withdrawal as attorney of record does not affect his entitlement to the statutory lien under Section 475."). Conversely, an attorney who withdraws without "good cause" loses his charging lien. *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, 96 Civ. 2839 (RPP) (AJP), 1997 WL 661146, *3 (S.D.N.Y. Oct. 21, 1997). Under New York law, this "good cause" standard is met "where there are 'irreconcilable differences . . . with respect to the proper course to be pursued in [the] litigation,' where 'the client flatly challenged [counsel's] loyalty and professional integrity,' or where 'the relationship between plaintiff[s] and [their] attorney ha[s] deteriorated to the point where further representation [is] inappropriate.'" *Karimian*, 2011 WL 1900092, at *4 (quoting *Lake v. M.P.C. Trucking Inc.*, 718 N.Y.S.2d 903, 904 (3d Dep't 2001)). Here, as stated earlier, the Court credits Greenberg Traurig's assertions regarding Enzo's .
These assertions amount to "good cause." Accordingly, Greenberg Traurig's withdrawal as counsel of record does not affect its possession of a charging lien by operation of law.

Typically, an attorney of record is entitled to have his Section 475 charging lien determined by the Court and granted in a particular amount. *See Itar-Tass Russian News Agency*, 140 F.3d at 452. However, unlike the counsel seeking to enforce his charging lien in *Itar-Tass Russian News Agency*, Greenberg Traurig does not seek a specific amount for execution of the lien. From Greenberg Traurig's minimal briefing on the issue, it appears that

Greenberg Traurig is simply asking the Court to confirm its statutory entitlement to such a lien. (*See* Doc. No. 229 at 9–10 ("The Court need not determine the amount of the lien at this time. That would permit the parties to agree on a particular amount at the appropriate time, failing which the parties can then seek a judicial determination.").) Without further briefing on the issue, the Court thinks it wise to allow the parties to attempt to settle upon an amount without judicial intervention. Accordingly, the Court will defer a determination of a specific amount until it is asked to do so. *See Ashmore*, 2014 WL 1414314, at *2 ("[T]he Court defers decision on the monetary value of [withdrawing counsel's] charging lien until after [the former client's] substantive claims have been resolved.").

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Greenberg Traurig's motions to withdraw as counsel of record are GRANTED. To minimize the prejudice to the opposing parties in the Enzo matters, the Court intends to proceed with the three remaining cases without unnecessary delay. Accordingly, IT IS FURTHER ORDERED THAT the Enzo matters shall be stayed for thirty days in order for Enzo to retain new counsel.[4] After Enzo's new counsel has entered an appearance, the Court will set a schedule for the *Roche* and *MPI* matters. Trial in the *PerkinElmer* matter will commence on June 30, 2014. IT IS FURTHER ORDERED THAT Greenberg Traurig is entitled to a charging lien, with the amount to be determined by the parties or the Court at a later date.

This Order shall be filed under seal for the same reasons articulated above and in the Court's March 18th Order. The Court further notes that the aforementioned letters submitted to

[4] The Court notes that Anna D. DiGabriele, Senior Patent Counsel at Enzo, entered an appearance in the Enzo matters on May 5, 2014. (Doc. No. 250.) Enzo is directed to inform the Court whether Ms. DiGabriele will be representing Enzo going forward.

the Court from April 28, 2014 through April 30, 2014 were emailed to the Court, and have yet to be publicly docketed. Given the presumption in favor of open records applicable to court documents as articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), IT IS FURTHER ORDERED THAT, by May 16, 2014, the parties shall submit via email a jointly proposed redacted version of this Order as well as proposed redacted versions of the April 28, 2014 through April 30, 2014 letters. Upon approval by the Court, the redacted versions will be publicly docketed in the Enzo matters.

SO ORDERED.

DATED: May 9, 2014
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE