Michael C. Miller
212 506 3955
mmiller@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

SUBMITTED UNDER SEAL
FOR *IN CAMERA* REVIEW

June 3, 2014

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

     Re:    *Enzo Biochem, Inc. v. Molecular Probes, Inc.*, No. 03 Civ. 3816 (RJS)
             *Enzo Biochem, Inc. v. PerkinElmer, Inc.*, No. 03 Civ. 3817 (RJS)
             *Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, No. 04 Civ. 4046 (RJS)

Dear Judge Sullivan:

      We write in response to today's letter from Michael J. Dell, Esq., counsel for Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively "Enzo") on the PerkinElmer matter. We respectfully request that he Court order Enzo, and/or PerkinElmer, Inc., to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to Greenberg Traurig ("GT"), and place the remaining settlement funds in escrow pending the Court's determination of the value of GT's Charging Lien for the reasons explained below.

      GT has no objection to holding the settlement funds in an escrow account, providing that the parties can come to terms on the appropriate language that would protect the rights of GT in regards to its charging lien.

      We believe that, however, Enzo should ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ now, and put the remaining settlement funds in escrow. There is no reason to delay paying GT this amount because: (1) Enzo has already represented to the Court that it was committed to paying this amount to GT; and (2) the engagement agreement between GT and Enzo provides for the payment ▓▓▓▓▓▓▓▓▓ even after withdrawal, if the withdrawal was for good cause.[1]

---

[1] GT's initial reluctance to agreeing to an escrow arrangement was due to the fact that Enzo indicated in its draft escrow agreement that it was reneging on its express representations to the Court that it would ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Moreover, we do not believe the escrow issue is holding up the settlement because Enzo could simply agree to indemnify PerkinElmer, or allow PerkinElmer to pay GT and then litigate Enzo's claims against GT, if any.

Honorable Richard J. Sullivan
June 3, 2014
Page 2



First, in its April 29, 2014 letter to the Court, Enzo represented that:

> The Court should know that we have recently reached [sic] settled the related Affymetrix matters. In connection with that settlement, Enzo Biochem agreed to and did pay                    <u>Enzo plans to do the same with respect to any settlement with PerkinElmer.</u>

Letter from Jeffrey S. Eberhard to Judge Richard J. Sullivan, April 29, 2014, p. 2 (emphasis added) (copy attached).

Second, GT is entitled to            The agreement provides that Enzo is obligated to pay GT when GT has withdrawn for good cause. This obligation is independent of, and in addition to, the hourly fees.

> Enzo understands and agrees that GT may withdraw as counsel for Enzo for good cause. . . . Upon termination or withdrawal, GT, at its sole option, will be paid the greater of          of the Recovery, less any Recovery amounts previously received by GT in connection with this case, or         of the fees and disbursements billed to Enzo, to be paid within fifteen (15) days. This means fifteen percent whatever Enzo receives as a result of such Recovery for the entire period during which such Recovery is paid.

A copy of the engagement agreement is attached (*see* p. 2 thereof).

The Court determined in its May 9, 2014 Order that GT's withdrawal was for "good cause." Therefore, regardless of Enzo's position on the appropriateness of the bills            the Court's determination on that issue, GT is entitled to

We have consulted with Enzo's counsel concerning GT's request            and placing the remaining settlement funds in escrow, but Enzo has declined. GT therefore respectfully requests the Court to order that Enzo, and/or PerkinElmer, Inc., pay GT            and place the remaining funds in escrow pursuant to an escrow agreement to be mutually agreed between Enzo, GT and PerkinElmer, Inc.

                    Respectfully submitted,

                    */s/ Michael C. Miller*

                    Michael C. Miller, Esq.
                    *Counsel for Greenberg Traurig, LLP*

Honorable Richard J. Sullivan
June 3, 2014
Page 3



Cc:    Scott Berman, Esq.
       Jeffrey Eberhard, Esq.
       Michael J. Dell, Esq.

Doc. # DC-8369157 v.1