Michael C. Miller
212 506 3955
mmiller@steptoe.com

**Steptoe**
STEPTOE & JOHNSON LLP

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

SUBMITTED UNDER SEAL
FOR *IN CAMERA* REVIEW

May 28, 2014

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re:  *Enzo Biochem, Inc. v. Molecular Probes, Inc.*, No. 03 Civ. 3816 (RJS)
     *Enzo Biochem, Inc. v. PerkinElmer, Inc.*, No. 03 Civ. 3817 (RJS)
     *Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, No. 04 Civ. 4046 (RJS)

Dear Judge Sullivan:

In accordance with Rule 2.A. of Your Honor's Individual Practices and pursuant to the Court's Sealed Memorandum and Order dated May 9, 2014 (copy attached) ("Order"),[1] Greenberg Traurig ("GT") hereby requests a pre-motion conference in anticipation of filing a motion to determine the monetary value of its charging lien relating to legal fees and expenses owed to GT by Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively "Enzo") in the above-referenced matters (the "Charging Lien").

With respect to GT's Charging Lien, the Order (at p.7) provides that:

> Here, as stated earlier, the Court credits Greenberg Traurig's assertions regarding Enzo's                                                   These assertions amount to "good cause." Accordingly, Greenberg Traurig's withdrawal as counsel of record does not affect its possession of a charging lien by operation of law.
>
> Without further briefing on the issue, the Court thinks it wise to allow the parties to attempt to settle upon an amount without judicial intervention. Accordingly, the Court will defer a determination of a specific amount until it is asked to do so.

---

[1] A redacted version of the Order was subsequently filed on May 20, 2014 (Doc. No. 257) (No. 03 Civ. 3817) (RJS).

Honorable Richard J. Sullivan
May 28, 2014
Page 2



     Pursuant to the Order, GT has attempted without success to reach agreement with Enzo on the monetary value of the Charging Lien. Specifically, on May 14, 2014, I spoke with Enzo's counsel Jeffrey Eberhard, Esq. and asked Mr. Eberhard for Enzo's position on the value of the Charging Lien and informed him that GT would refer this issue to the Court if the parties could not reach agreement. I asked Mr. Eberhard to provide GT with Enzo's view on the Charging Lien by May 19, 2014. Mr. Eberhard never did. On May 20, 2014, I sent Mr. Eberhard an email attaching a spreadsheet of all unpaid fees and expenses         (copy attached), and reiterated to Mr. Eberhard that GT would like to attempt to reach a settlement on the value of the Charging Lien, but would seek the assistance of the Court if agreement could not be reached. Mr. Eberhard and I then spoke on the phone. Mr. Eberhard told me that he would get back to me by May 23, 2014 with a "hard number" from Enzo. I have not heard from Mr. Eberhard since then.

     Instead, Enzo hired a new attorney and, apparently, terminated the services of Mr. Eberhard. On May 23, 2014, Scott Berman, Esq. from Friedman Kaplan Seiler & Adelman LLP contacted me and said that he had been retained the day before in connection with the Charging Lien and related matters. Mr. Berman said that he needed more time to formulate a view on the Charging Lien. I agreed that we would hold off on submitting this letter to the Court until May 30, 2014, provided we were making progress on efforts to reach agreement on the value of the Charging Lien.

     On May 27, 2014, I had further conversations with Mr. Berman which do not lead us to believe that an agreement can be reached on the value of the Charging Lien. For example, Mr. Berman provided me with a proposed draft escrow agreement[2] This draft contended as a premise that GT is owed nothing in connection with the Charging Lien, notwithstanding Mr. Eberhard's previous statement to the Court that, at a minimum, Enzo would pay GT

> The Court should know that we have recently reached [sic] settled the related Affymetrix matters. In connection with that settlement, <u>Enzo plans to do the same with respect to any settlement with PerkinElmer.</u>

Letter from Jeffrey S. Eberhard to Judge Richard J. Sullivan, April 14, 2014, p. 2 (emphasis added) (copy attached).[3]

---

    [2]  Mr. Berman told me that a settlement with PerkinElmer was nearly completed and suggested that, if Enzo settled with PerkinElmer, the settlement funds be placed in an escrow account until Enzo and GT reach agreement on the value of the Charging Lien, or the Court determines its value.

Honorable Richard J. Sullivan
May 28, 2014
Page 3



The events that have transpired since the Court issued the Order, and since my preliminary conversations with Enzo's latest counsel, do not demonstrate that Enzo intends to reach agreement with GT on the value of the Charging Lien. I told Mr. Berman by phone today that because the parties have made no progress and could not be further apart, GT would seek the Court's intervention immediately, rather than delay any longer.

Based on the Order, the Court's Individual Practices and the foregoing, GT requests a pre-motion conference to seek the Court's permission to move for a judicial determination of the value of the Charging Lien.

Respectfully submitted,

Michael C. Miller, Esq.
*Counsel for Greenberg Traurig, LLP*

cc:  Scott Berman, Esq. (new counsel for Enzo)
     Jeffrey Eberhard, Esq. (counsel of record for Enzo)

Pursuant to Rule 2.A of the Court's Individual Practices, IT IS HEREBY ORDERED THAT counsel for Enzo shall submit a response no later than June 2, 2014. This pre-motion letter and the response may be filed under seal for the reasons articulated in the Court's Orders dated March 18, 2014 and May 9, 2014, including the need to consider the motions to withdraw in camera to prevent Enzo from being prejudiced by the application of counsel to withdraw. However, given the presumption in favor of open records applicable to court documents as articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), IT IS FURTHER ORDERED THAT, by June 6, 2014, the parties shall submit via email a jointly proposed redacted version of the pre-motion letters. Upon approval by the Court, the redacted versions will be publicly docketed in the Enzo matters.

SO ORDERED
Dated: 5/28/14
RICHARD J. SULLIVAN
U.S.D.J.

---

[3] The attached copy is unredacted -- as originally submitted to the Court. A redacted version was filed on May 20, 2014 (Doc. No. 259) (No. 03 Civ. 3817) (RJS).