# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250

WWW.FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
L. REID SKIBELL
COUNSEL

ROBERT S. LANDY
STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

**SUBMITTED UNDER SEAL FOR *IN CAMERA* REVIEW**

June 2, 2014

Hon. Richard Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Enzo Biochem, Inc. v. PerkinElmer, Inc.*, No. 03cv3817
*Enzo Biochem, Inc. v. Molecular Probes, Inc.*, No. 03cv3816
<u>*Roche Diagnostics Gmbh v. Enzo Biochem, Inc.*, No. 04cv4046</u>

Dear Judge Sullivan:

       This firm represents Enzo Biochem, Inc. ("Enzo") with respect to the disputes between Enzo and its affiliates, on the one hand, and Enzo's former counsel Greenberg Traurig, LLP ("GT"), on the other. We were retained on May 22, 2014; we filed appearances on May 29.

       We are writing in response to the letter dated May 28, 2014 from GT's counsel to Your Honor. GT requests a pre-motion conference in anticipation of filing a motion to determine the monetary value of a charging lien relating to legal fees and expenses that it believes are owed to it by Enzo in these matters. We have no objection to such a conference.

       That said, Enzo's position is that it owes GT nothing, and GT may owe it money. In rough terms, Enzo has paid             , consisting of             in time charges plus a             . (By agreement, Enzo paid time charges on a current basis, meaning that GT had actually recorded             .) Enzo has also paid             in disbursements. In rough terms, GT asserts it is still owed             in time charges,             in disbursements, and             anticipated settlement with PerkinElmer, Inc. In each of five decisions dismissing certain of Enzo's claims and counterclaims on summary judgment near the end of last year, Your Honor appeared to strongly take issue with GT's performance. To take one example:

2948842.8

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Richard Sullivan                      2                      June 2, 2014

> The Court also notes that Enzo's opposition brief raises three *new* grounds under its cause of action for breach of contract …. The Court will not permit Enzo to raise new claims for breach of contract at this late stage. It is well settled that a party may not amend its pleadings in its briefing papers. Indeed, in 2007, while this case was assigned to Judge Sprizzo, Enzo was explicitly warned: "It's not what you argue[;] it's what's in your complaint." To the extent that Enzo omitted claims from the pleadings, it certainly cannot raise them in its summary judgment brief filed long after discovery has concluded and more than a decade after the Second Amended Complaint was filed …. In essence, Enzo contends that these caveats [in its Second Amended Complaint] preserved claims for *any* breach of contract by Amersham, whether that breach was specified or not. This, of course, is nonsense. A plaintiff may not pivot from its stated claims to new ones at the summary judgment stage simply because it inserted a few vague catch-all phrases into its pleadings …. Of course, whether or not Amersham had some idea of Enzo's unpleaded claims is irrelevant. The simple fact remains that Enzo may not pursue new causes of action without having amended its pleadings. To date, Enzo has not sought leave to do so, and at this point, even if Enzo did seek leave to amend, the Court would deny the request. After more than a decade of wrangling and *multiple* bites at the discovery apple, Enzo will not be permitted to assert new claims based on new factual assertions that would effectively commence a new lawsuit.

*Enzo v. Amersham PLC*, No. 02cv8448, Mem. & Order at 5-6 (Oct. 22, 2013) (citations and footnote omitted; emphases in original). *Id.* at 6 nn.6-7 & 10 (same); *see Enzo v. PerkinElmer, Inc.*, No. 03cv3817, Mem. & Order at 7-9 & 12 n.5 (Oct. 28, 2013) (same); *Enzo v. Molecular Probes, Inc.*, No. 03cv3816 & *Enzo v. Orchid Biosciences, Inc.*, No. 03cv3819, Mem. & Order at 3 nn.3 & 4, 4 & n.5 (Dec. 6, 2013) (same); *Enzo v. Affymetrix, Inc.*, No. 04cv1555, Mem. & Order at 5-6 (Dec. 6, 2013) (same); *Roche Diagnostics GmbH v. Enzo*, No. 04cv4046, Mem. & Order at 9-11 (Dec. 6, 2013) (same).

       At last month's hearing at which GT's motion to withdraw was granted, GT expressed – and Your Honor appeared to credit – its view that                            It should come as no surprise then that we intend to review materials concerning the claims GT pled, considered pleading, or was asked to consider pleading in initial complaints or amendments thereto, as well as materials concerning these summary judgment motions. Because of Enzo's concerns about                               , some of which Enzo alluded to at last month's hearing, we also intend to                   . This will be a time-consuming and complex endeavor as well, as we plan to review the reasonableness of the time spent, the qualifications and abilities of the timekeepers, and wasted or duplicative time charges.

2948842.8

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Richard Sullivan						3						June 2, 2014

        We will consult with GT and we will be prepared at the conference to propose a schedule for the litigation of these issues.  We intend to seek an appropriate amount of time to come to grips with the record, as well as limited discovery, and an evidentiary hearing.  There is no reason for the adjudication of the value of the charging lien to be put on an expedited track.  That is particularly the case insofar as we have told GT that Enzo is prepared to sign an escrow agreement and deposit into escrow – from the proceeds to Enzo of its settlement with PerkinElmer, which is near completion – the full             that GT claims from Enzo.  Such an escrow agreement and deposit would be completely protective of GT's rights and claims.

        On May 27, 2014, we provided GT with a draft escrow agreement.  In its letter to the Court the next day, GT expressed an objection to one of the recitals in the proposed escrow agreement.  We believe that such objections can easily be resolved; the whole purpose of the recital was to make clear that the parties are reserving their rights in the event that a resolution of the charging lien issues is not reached.  In other words, we did not want Enzo's deposit into escrow of the full amount claimed by GT to be a fact used against Enzo if there is a need for a judicial determination of any amount that may be due to GT.

Respectfully,

*Scott M. Berman*

2948842.8