UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCHE DIAGNOSTICS GMBH, a German corporation; and ROCHE MOLECULAR SYSTEMS, INC., a California corporation,

    Plaintiffs,

 vs.

ENZO BIOCHEM, INC., a New York corporation; and ENZO LIFE SCIENCES, INC., a New York corporation, formerly known as ENZO DIAGNOSTICS, INC.,

    Defendants.

04 Civ. 4046 (RJS)

## NOTICE OF SUPPLEMENTAL AUTHORITY

Declaratory judgment plaintiffs Roche Diagnostics Gmbh, and Roche Molecular Systems, Inc. (collectively, "Roche"), respectfully bring to the Court's attention two recent decisions—*Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014) and *H-W Tech., L.C. v. Overstock.com, Inc.*, Nos. 2014-1054, 2014-1055, 2014 U.S. App. LEXIS 13148 (Fed. Cir. July 11, 2014)—issued by the Supreme Court and Federal Circuit, respectively.

In *Nautilus*, the Supreme Court articulated a new standard for indefiniteness under Section 112 of the Patent Act, holding that "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus,* 134 S. Ct. at 2124. The Court thereby altered the prevailing standard set by the Federal Circuit: that a claim is indefinite "only when it is 'not

amenable to construction' or 'insolubly ambiguous.'" *Id.*  In explaining its shift to a less onerous standard for proving indefiniteness, the Court noted, "To tolerate imprecision just short of that rendering a claim insolubly ambiguous would diminish the definiteness requirement's public-notice function and foster the innovation-discouraging zone of uncertainty against which this Court has warned." *Nautilus Inc.*, 134 S. Ct. at 2128 (internal citation and quotation marks omitted).

The *Nautilus* decision is relevant to the issues discussed in pp. 3, 7-11, and 17-19 of Roche's December 21, 2013 Opening Brief Regarding Claim Construction of U.S. Patent Nos. 4,943,523 and 5,082,830 (Dkt. 144) and pp. 3, 7-8 of Roche's January 25, 2014 Responsive Brief Regarding Claim Construction Of U.S. Patent Nos. 4,943,523 and 5,082,830 (Dkt. 156).  A true and accurate copy of the Supreme Court's decision is attached as **Exhibit A**.

In *Overstock.com*, the Federal Circuit, in keeping with its existing precedent, held that a district court cannot correct an error unless it is "evident from the face of the patent." *Overstock.com*, 2014 U.S. App. LEXIS 13148, at *7.  The Court also further clarified the role the intrinsic record should play in determining the meaning of purportedly erroneous claim language. *Id.* at *8-*9.  It rejected the patentee's attempt to use "optional" language from the specification to overrule the plain language of the claims. *Id.* Furthermore, it emphasized that "evidence of error in the prosecution history alone [is] insufficient to allow the district court to correct the error." *Id.* at *9.

The *Overstock* decision is relevant to the issues discussed in pp. 3, 7-11, and 17-19 of Roche's December 21, 2013 Opening Brief Regarding Claim Construction of U.S. Patent Nos. 4,943,523 and 5,082,830 (Dkt. 144) and pp. 3, 7-8 of Roche's January 25,

2014 Responsive Brief Regarding Claim Construction Of U.S. Patent Nos. 4,943,523 and 5,082,830 (Dkt. 156). A true and accurate copy of the Federal Circuit's decision is attached as **Exhibit B**.

Dated:  August 28, 2014              Respectfully submitted,

                                     <u>/s/ Robert J. Gunther, Jr.</u>
                                     Robert J. Gunther, Jr.
                                     Omar A. Khan
                                     WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
                                     7 World Trade Center
                                     250 Greenwich Street
                                     New York, NY 10007
                                     T: 212-230-8800
                                     F: 212-230-8888

                                     *Attorneys for Declaratory Judgment*
                                     *Plaintiffs and Counterclaim*
                                     *Defendants Roche Diagnostics*
                                     *GmbH and Roche Molecular*
                                     *Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the date set forth below the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY, with attachments, was electronically filed pursuant to the Court's CM/ECF system, and that document is available for downloading and viewing from the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the CM/ECF system.

Date: August 28, 2014                                    /s/ Robert J. Gunther, Jr.