UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCHE DIAGNOSTICS GMBH, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ENZO BIOCHEM, INC., et al.,<br><br>Defendants. | 04 Civ. 04046 (RJS) |

**ENZO'S RESPONSE TO ROCHE'S AUGUST 28, 2014
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (together, "Enzo") hereby respond to the Notice of Supplemental Authority (D.I. 215) filed by Roche Diagnostics Gmbh and Roche Molecular Systems, Inc. (together, "Roche") on August 28, 2014 concerning *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014), and *H-W Tech., L.C. v. Overstock.com, Inc.*, Nos. 2014-1054, 2014-1055, 2014 WL 3377128 (Fed. Cir. July 11, 2014).

1.   *Nautilus* held that "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention," and rejected the Federal Circuit's "insolubly ambiguous" standard. 134 S. Ct. at 2124. However, contrary to Roche's argument, *Nautilus* did not hold that there has been "a shift to a less onerous standard for proving indefiniteness." D.I. 215 at 2. The indefiniteness of a patent must still be proved by "clear and convincing evidence." *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2242 (2011); *Braintree Labs, Inc. v. Novel Labs., Inc.*, 749 F.3d 1349, 1359 (Fed. Cir. 2014). Moreover, as numerous district courts applying *Nautilus* have held, it did not change several key aspects of the indefiniteness inquiry:

KL3 2985975.2

> Importantly, this new [*Nautilus*] standard does not disrupt three key aspects of the § 112 inquiry:  First, definiteness is to be evaluated from the perspective of someone skilled in the relevant art.  Second, in assessing definiteness, claims are to be read in light of the patent's specification and prosecution history.  Third, definiteness is measured from the viewpoint of a person skilled in the art at the time the patent was filed.

*United Therapeutics Corp. v. Sandoz, Inc.*, Nos. 12-CV-01617, 13-CV-316, 2014 WL 4259153, at *32 (D.N.J. Aug. 29, 2014); *see also Cognex Corp. v. Microscan Sys., Inc.*, No. 13-cv-2027 (JSR), 2014 WL 2989975, at * 7 n.2 (S.D.N.Y. June 30, 2014) (reaffirming finding that claims were definite after *Nautilus* as "several central aspects of the Court's reasoning apply with equal force under the new standard governing indefiniteness").

   2. *Overstock* is inapplicable here and did not change the law on correction of errors. *Overstock* addressed whether the district court could correct an inadvertent omission of an entire element of patent claims when the error was apparent from the prosecution history but not from the face of the patent.  2014 WL 3377128 at *3-4.  Here, Enzo has stated in its claim construction brief concerning the '523 and '830 patents that its claims were issued correctly, were not indefinite and were capable of construction, and did not argue that there was an error. *See* Enzo's Opening *Markman* Brief Related to U.S. Patent Nos. 4,943,523 and 5,082,830 (D.I. 141) at 9 ("Enzo's position is that these claims terms are clear on their face and would be readily understood by a POSA.").  Roche has also acknowledged that "Enzo does not contend that the

use of the terms "modifiable" and "modified" was an error." *See* Roche's Opening Br. Regarding Claim Construction of U.S. Patent Nos. 4,943,523 and 5,082,830 (D.I. 144) at 11.

Dated:  September 15, 2014

                                        Respectfully submitted,

                                        /s/ Michael J. Dell
                                        Michael J. Dell
                                        Jonathan Caplan
                                        Kramer Levin Naftalis & Frankel LLP
                                        1177 Avenue of the Americas
                                        New York, NY  10036
                                        T:  212-715-9100
                                        F:  212-715-8000

                                        *Attorneys for Defendants and Counterclaim Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc.*