September 26, 2014

**By Email**

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Roche Diagnostics GmbH et al. v. Enzo Biochem, Inc. et al.*, No. 04 Civ. 4046 (RJS)

Dear Judge Sullivan:

      Pursuant to the Court's September 16, 2014 Order, Dkt. No. 217, the parties jointly submit this letter concerning proposed next steps.

      The parties have agreed on a revised case management schedule, attached hereto as Exhibit A, which is designed to efficiently and expeditiously proceed through the close of expert discovery and to then allow the parties to request leave to bring any dispositive motions relating to the remaining issues in this case.[1] The proposed schedule is based on the current schedule, Dkt. No. 99, in which expert discovery is triggered by the Court's claim construction ruling in connection with U.S. Patent Nos. 5,082,830 and 4,943,523. The proposed schedule also attempts to account for the availabilities of the parties' witnesses and the closures of various Roche facilities in the United States and Germany during the upcoming holiday periods in December and January. Accordingly, the parties respectfully request that the Court enter the Revised Scheduling Order attached as Exhibit A.

      Also, as set forth in Roche's September 15, 2014 letter to the Court, Roche believes that oral argument would be of assistance to the Court in resolving the parties' claim construction disputes and, therefore, respectfully requests that the Court schedule a claim construction hearing at the Court's convenience.

Respectfully submitted,

| | |
|---|---|
| By:  /s/ Michael John Dell | By:  /s/ Robert J. Gunther, Jr. |
| Michael John Dell | Robert J. Gunther, Jr. |
| KRAMER LEVIN NAFTALIS | WILMERHALE LLP |
|    & FRANKEL, LLP | 7 World Trade Center |
| 1177 Avenue of the Americas | 250 Greenwich Street |
| New York, NY 10036 | New York, NY 10007 |
| | |
| *Attorney for Enzo Biochem, Inc. and* | *Attorney for Roche Diagnostics GmbH and* |
| *Enzo Life Sciences, Inc.* | *Roche Molecular Systems, Inc.* |

---

[1] The parties are also discussing (i) other ways to streamline the case, including for example, resolution of Enzo's claims under U.S. Patent No. 5,082,830; and (ii) Roche's desire to supplement its invalidity contentions and interrogatory responses relating to U.S. Patent No. 4,943,523, in light of the Supreme Court's decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014). To the extent there are any disputes relating to those issues, the parties will present them to the Court promptly for resolution.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCHE DIAGNOSTICS GMBH, et al.,

    Plaintiffs,

-v-

ENZO BIOCHEM, INC., et al.,

    Defendants.

No. 04 Civ. 04046 (RJS)

[PROPOSED]
REVISED SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court hereby adopts the following Revised Scheduling Order for purposes of the parties' remaining patent infringement claims and defenses, Roche's tortious interference and unfair competition claims and Enzo's defenses, and Enzo's remaining breach of contract claims and Roche's defenses (together the "Claims and Defenses").

1. All damages *fact* discovery relating to the Claims and Defenses which has not already been completed is to be completed by **January 30, 2015**.

    a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b. Any additional fact depositions shall be completed by the close of this fact discovery period.

2. All *expert* discovery and disclosures on all remaining issues, including reports, production of underlying documents, and depositions, shall be completed pursuant to the following deadlines:

    a. Opening expert reports on issue(s) for which a party bears the burden of proof shall be served within 30 days of the Court's claim construction ruling relating to U.S. Patent Nos. 4,943,523 and 5,082,830 (the "Claim Constructing Ruling"), but not earlier than within 30 days of January 30, 2015.

    b. Rebuttal expert reports shall be served within 60 days of the Claim Construction Ruling but not earlier than within 60 days of January 30, 2015.

    c. Expert depositions shall be completed within 90 days of the Claim Construction Ruling but not earlier than within 90 days of January 30, 2015.

3. All discovery shall be completed no later than 90 days after the Claim Construction Ruling but not earlier than within 90 days of January 30, 2015.

4. After issuance of the Claim Construction Ruling, but not earlier than 90 days after January 30, 2015, the parties will contact the clerk to set a post-discovery conference following the close of expert discovery.

5. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted in accordance with a schedule set by the Court after it issues the Claim Construction Ruling. Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of service of the initial pre-motion letter. Pre-motion letters and responses shall be submitted to the chambers' email address at sullivannysdchambers@nysd.uscourts.gov.

6. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

7. Counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

SO ORDERED.

DATED:   September ___, 2014
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

KL3 2988779.2