UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12-10-14

---

ENZO BIOCHEM, INC., *et al.*,

Plaintiffs,

-v-

MOLECULAR PROBES, INC.,

Defendant.

No. 03-cv-3816 (RJS)
ORDER

---

ENZO BIOCHEM, INC., *et al.*,

Plaintiffs,

-v-

PERKINELMER, INC., *et al.*,

Defendants.

No. 03-cv-3817 (RJS)
ORDER

---

ROCHE DIAGONOSTICS GMBH, *et al.*,

Plaintiffs,

-v-

ENZO BIOCHEM, INC., *et al.*,

Defendants.

No. 04-cv-4046 (RJS)
ORDER

---

RICHARD J. SULLIVAN, District Judge:

Now before the Court is a motion, filed by Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo"), seeking reconsideration of a claim construction ruling issued in 2006 and vacatur of a 2012 summary judgment decision that relies on the 2006 ruling.   For the reasons

set forth below, Enzo's motion is denied.

## I.   BACKGROUND

The above-captioned cases (the "Enzo matters") have been pending for over a decade. Accordingly, the Court assumes the parties' familiarity with the posture of these matters and only briefly repeats the relevant background here.   These cases were originally assigned to the Honorable John E. Sprizzo, District Judge.   The parties engaged in extensive briefing, and Judge Sprizzo held a five-day *Markman* hearing before issuing a detailed opinion on July 10, 2006, which construed disputed portions of certain patent claims, including U.S. Patent No. 5,449,767 (the "'767 patent").   (*See* Doc. No. 22 ("2006 *Markman* Ruling").)[1]   A few months later, as part of a different case in the District of Connecticut (the "*Applera* case"), the Honorable Janet Bond Arterton issued a ruling, which, among other things, also concerned the construction of the '767 patent.   *See Enzo Biochem, Inc. v Applera Corp.*, 2006 WL 2927500 (D. Conn. Oct. 12, 2006) ("2006 *Applera* Ruling").   While the parties cannot agree on much, they do agree that Judge Arterton and Judge Sprizzo adopted different rulings regarding whether the claims of the '767 patent are limited to so-called "indirect detection."

After Judge Sprizzo passed away in December 2008, the Enzo matters were reassigned to my docket on January 8, 2009.   From March 13, 2009 until August 25, 2011, the Enzo matters were stayed pending an appeal in the Federal Circuit in the *Appelera* case.   In light of the Federal Circuit's decision, *see Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325 (Fed. Cir. 2010), Enzo sought leave to file a motion for summary judgment on September 2, 2011.   (Doc. No. 68.)   In denying Enzo's request, the Court noted that "[i]n essence, Enzo's request [was] an attempt to relitigate issues of claim construction that were decided by Judge Sprizzo in 2006" and that there

---

[1] Unless otherwise noted, all references to docket entries are to the docket in *Roche Diagnostics GmbH, et al. v. Enzo Biochem, Inc., et al.*, No. 04-cv-4046 (RJS).

was "no reason to revisit such matters" given that "nothing in the Federal Circuit's 2010 ruling . .

. compel[led], or even suggest[ed], such a result."  (*Id.*)

    While the Court denied Enzo's request to file this additional motion for summary

judgment, it did permit the parties to renew motions that had been previously filed before Judge

Sprizzo prior to the entry of the stay.  (*See id.*)  On September 24, 2012, following a renewed

round of briefing, the Court issued an opinion, which stated, in relevant part:

> [Enzo's] opposition brief places great emphasis on [Judge Arterton's] claim
> construction ruling . . . , as well as the subsequent decision by the Federal Circuit
> in that matter.  However, Judge Sprizzo previously denied repeated requests for
> reconsideration and attempts to relitigate the claim construction in these actions.
> After the Federal Circuit's decision in the related case, this Court specifically
> rejected Plaintiffs' request to relitigate issues of claim construction that were
> decided by Judge Sprizzo in 2006.  The Court once again reaffirms its earlier
> conclusion that it sees no reason to revisit such matters and finds nothing in the
> Federal Circuit's 2010 ruling that compels, or even suggests, such a result.
> Accordingly, the Court will proceed to address the instant motion for summary
> judgment in accordance with the claim construction issued by Judge Sprizzo.

(*See* Doc. No. 83 ("2012 Summary Judgment") at 3 (citations and internal quotation marks

omitted).)  The Court went on to grant summary judgment, finding as a matter of law non-

infringement of the '767 patent by the so-called "directly detectable" products of Molecular

Probes, Inc. ("MPI"), PerkinElmer Life Sciences, Inc. and PerkinElmer, Inc. (collectively

"PerkinElmer"), and Roche Diagnostics GmbH, and Roche Molecular Systems, Inc. (collectively

"Roche").  (*See id.* at 10–12.)

    Patent '767 was recently the subject of a consolidated *ex parte* reexamination proceeding

before the United States Patent and Trademark Office ("PTO").  Contrary to the 2006 *Markman*

Ruling, the PTO reexamination determination, dated March 12, 2014, indicated that certain claims

encompass both direct and indirect detection.  (*See* Declaration of Justin A. MacLean, dated April

8, 2014, Doc. No. 174, Ex. 2 ("PTO Ruling").)  In light of that determination, Enzo filed the

3

instant motion for reconsideration on April 8, 2014.  (Doc. Nos. 172–174.)  On April 28, 2014,

MPI, Roche, and PerkinElmer filed a joint opposition.  (Doc. No. 181.)  Upon Enzo's submission

of its reply on May 5, 2014, the motion was fully briefed.  (Doc. Nos. 183 ("Reply"), 184.)[2]

## II. LEGAL STANDARD

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order "that

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does

not end the action as to any of the claims or parties and may be revised at any time before the entry

of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ.

P. 54(b); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("So long as the district

court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can

reconsider them when it is consonant with justice to do so." (citation and internal quotation marks

omitted)).  Nevertheless, the Second Circuit has "limited district courts' reconsideration of earlier

decisions under Rule 54(b). . . . [T]hose decisions may not usually be changed unless there is an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent a manifest injustice."  *In re Fannie Mae 2008 ERISA Litig.*, No. 09-cv-1350

(PAC), 2014 WL 1577769, at \*3 (S.D.N.Y. Apr. 21, 2014) (quoting *Official Comm. of the

Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir.

2003)).  Under the Rule 54(b) standard, a court must be mindful that "where litigants have once

battled for the court's decision, they should neither be required, nor without good reason permitted,

to battle for it again."  *Coopers & Lybrand, LLP*, 322 F.3d at 167 (citation and internal quotation

marks omitted)).

---

[2] In deciding the instant motion, the Court has considered the memorandum of law submitted by Enzo, the joint opposition by MPI, Roche, and PerkinElmer, Enzo's reply, and the declarations and documents submitted in support thereof (Doc. Nos. 174, 184).

4

## III. DISCUSSION

Enzo seeks reconsideration of the 2006 *Markman* Ruling and vacatur of the subsequent 2012 Summary Judgment "based solely on new and highly relevant intrinsic evidence – the PTO's recent conclusion as to the meaning and scope of the '767 patent claims . . . ." (Reply at 2.) Although Enzo concedes that its proposed course of action would result in disrupting litigation which has relied, for eight years, on the 2006 *Markman* Ruling, it nevertheless contends that "reconsideration would promote judicial economy and efficiency" because "reversal [of the 2006 *Markman* Ruling] is likely." (*Id.* at 10.) The Court disagrees for at least two reasons.

First, put simply, the PTO Ruling is not binding on this Court, nor is it binding on the Federal Circuit. *See, e.g.*, *Fromson v. Advance Offset Plate, Inc.*, 755 F.2d 1549, 1555 (Fed. Cir. 1985) ("The [PTO] Examiner's decision, on an original or reissue application, is never binding on a court."); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988) ("The awkwardness presumed to result if the PTO and court reached different conclusions is more apparent than real. The two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions.") Second, as discussed above, Enzo has repeatedly sought – and has been repeatedly denied – reconsideration of the 2006 *Markman* Ruling based on the contrary construction in the 2006 *Applera* Ruling. (*See, e.g.*, Doc. No. 48; 2012 Summary Judgment at 3.) The fact that the PTO Ruling is apparently consistent with the 2006 *Applera* Ruling does not alter the Court's conclusion about whether reconsideration is warranted, nor does it undermine the soundness of the 2006 *Markman* Ruling. In sum, other than a generic invocation of judicial economy, Enzo fails to provide any rationale for the Court to suddenly be swayed by a contrary construction.[3]

---

[3] Because the Court rejects Enzo's arguments in favor of reconsideration, the Court need not address Defendants collateral estoppel argument.

IV. CONCLUSION

For the reasons set forth above, Enzo's motion for reconsideration is denied. The Clerk of the Court is respectfully directed to terminate the motions pending at docket entries 172 (No. 04-cv-4046) and 159 (No. 03-cv-3816).

SO ORDERED.

DATED:     December 9, 2014
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

6