UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCHE DIAGNOSTICS GMBH and )
ROCHE MOLECULAR SYSTEMS, INC., )
)
Declaratory Judgment Plaintiffs and )
Counterclaim Defendants, )
) 04 CV 4046 (RJS)
v. )
)
ENZO BIOCHEM, INC. and )
ENZO LIFE SCIENCES, INC. )
)
Declaratory Judgment Defendants and )
Counterclaim Plaintiffs. )
)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-6-15

**MEMO ENDORSED**

### STIPULATION FOR DISMISSAL OF CERTAIN CLAIMS AND DEFENSES

WHEREAS, Roche Diagnostics GMBH and Roche Molecular Systems, Inc. (collectively, "Roche") have produced certain documents and made representations regarding the sales of Universal Probe Library®, RealTime Ready®, and Light Cycler® products; and

WHEREAS, the Court's Orders of September 12 and 19, 2013 (Dkt. Nos. 120 and 122) held that Enzo Biochem, Inc. and Enzo Life Sciences, Inc. (collectively, "Enzo") did not timely accuse Roche's "Taqman® Products" of infringement of U.S. Patent 5,082,830 ("the '830 patent"); and

WHEREAS, in the interests of judicial economy and efficiency,

THE PARTIES HEREBY AGREE AND STIPULATE:

1. Subject to Paragraphs 3-11 below, Enzo's claims for infringement of the '830 patent are dismissed with prejudice, subject to revival as set forth in Paragraph 3 or if Roche brings new declaratory judgment claims for invalidity and/or non-infringement of the '830 patent, and Roche's affirmative defenses and declaratory judgment claims for invalidity and/or non-infringement of the '830 patent are, subject to revival as set forth in Paragraph 3 or if

KL3 2995744.8

Enzo brings any new suit claiming infringement of the '830 patent, dismissed with prejudice as moot;

2. Subject to Paragraphs 3-11 below, Enzo's claims for breach of contract as they relate to Taqman® Products are dismissed with prejudice, subject to revival as set forth in Paragraph 4 or if Roche brings new claims regarding breach of contract as they relate to Taqman® Products, and Roche's affirmative defenses and claims regarding breach of contract claims as they relate to Taqman® Products are, subject to revival as set forth in Paragraph 4 or if Enzo brings any new suit alleging breach of contract with respect to Taqman® Products, dismissed with prejudice as moot;

3. Each party reserves all rights to appeal any order regarding the '830 patent, including without limitation the September 12 and 19, 2013 orders (Dkt. Nos. 120 and 122), and, should any order regarding the '830 patent be reversed on appeal, to assert any and all rights, claims and defenses to the extent consistent with any ruling on appeal, including without limitation Enzo's claims for infringement of the '830 patent and Roche's affirmative defenses and claims for invalidity and/or non-infringement of the '830 patent (reserving to the parties their rights and/or arguments with respect to which Taqman® Products would be at issue);

4. Each party reserves all rights to appeal any order regarding Enzo's breach of contract claims and Roche's affirmative defenses and claims with respect to Enzo's breach of contract claims, including without limitation the December 6, 2013 order (Dkt. No. 132) and, should any order regarding Enzo's breach of contract claims be reversed on appeal, to assert any and all rights, claims and defenses to the extent consistent with any ruling on appeal, including without limitation Enzo's claims for breach of contract as they relate to Taqman® Products and Roche's affirmative defenses and claims with respect to Enzo's breach of contract claims as they

KL3 2995744.8

relate to Taqman® Products (reserving to the parties their rights and/or arguments with respect to which Taqman® Products would be at issue);

5. This stipulation does not and shall not be deemed to represent an adjudication on the merits of the infringement or validity of the '830 patent or Enzo's claims for breach of contract as they relate to Taqman® Products and/or Roche's claims and defenses thereto, and is not and shall not be deemed to be an admission by either party as to the infringement, non-infringement, validity and/or invalidity of the '830 patent or Enzo's claims for breach of contract as they relate to Taqman® Products and/or Roche's claims and defenses thereto, and each party reserves all rights with respect thereto;

6. This stipulation is not and shall not be deemed to be an admission regarding any of Enzo's claims for breach of contract and/or Roche's claims and defenses thereto, and each party reserves all rights with respect thereto;

7. This stipulation is not and shall not be deemed to be an admission regarding any other claims or defenses in this action, and each party reserves all rights with respect thereto;

8. The term "claims" as used herein refers to both claims and counterclaims;

9. This stipulation is not and shall not be deemed to be an admission regarding whether any products are within the scope of any order, including but not limited to the September 12, 2013, September 19, 2013 or December 6, 2013 orders (Dkt. Nos. 120, 122 and 132), and each party reserves all rights with respect thereto;

10. All pending motions and/or other requests relating to the '830 patent claims and defenses, including the parties' request to resolve their claim construction disputes relating to the '830 patent, are hereby dismissed as moot without prejudice to renewal in the event of any remand; and

11. Each party shall bear its own costs and attorneys' fees with respect to the patent infringement claims and defenses with respect to the '830 patent and Enzo's claims for breach of contract as they relate to Taqman® Products and/or Roche's claims and defenses thereto, subject to Paragraphs 3 and 4 above should any Order regarding the '830 patent or Enzo's claims for breach of contract with respect to Taqman® Products be reversed on appeal.

Dated: February 6, 2015
New York, New York

| | |
|---|---|
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | WILMERHALE LLP |
| By: /s/ *Michael J. Dell* <br> Michael J. Dell <br> 1177 Avenue of the Americas <br> New York, NY 10036 <br> 212-715-9100 <br> *mdell@kramerlevin.com* | By: /s/ *Robert J. Gunther, Jr.* <br> Robert J. Gunther, Jr. <br> 7 World Trade Center <br> 250 Greenwich Street <br> New York, NY 10007 <br> 212-230-8830 <br> *robert.gunther@wilmerhale.com* |
| *Attorneys for Enzo Biochem, Inc. and Enzo Life Sciences, Inc.* | *Attorneys for Roche Diagnostics GmbH and Roche Molecular Systems, Inc.* |

SO ORDERED:

_____
U.S.D.J.
2/6/15