

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

ROCHE DIAGNOSTICS GMBH, *et al.*,

　　　　　　　　　　　　Plaintiffs,

　　-v-

ENZO BIOCHEM, INC., *et al.*,

　　　　　　　　　　　　Defendants.

----

No. 04-cv-4046 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

　　Now before the Court are three joint letters, dated December 8, 2014, December 17, 2014, and January 30, 2015, submitted by Enzo Biochem, Inc. and Enzo Life Sciences (collectively, "Enzo") and Roche Diagnostics GmbH and Roche Molecular Systems, Inc. (collectively, "Roche"). (Doc. Nos. 222, 224, & 228.) Roche seeks leave to supplement its invalidity contentions in light of the Supreme Court's decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014) and moves for a protective order to limit discovery during the damages discovery period, while Enzo moves to compel Roche to produce contract damages discovery concerning Roche's Elecsys products. Roche, in response to Enzo's motion concerning Elecsys products, asks the Court to award Roche's fees and costs "in connection with having to litigate these issues for yet a third time." (Doc. No. 228 at 5.) For the reasons set forth below, Roche's request to supplement its invalidity contentions is denied, Roche's motion for a protective order is granted in part and denied in part, Enzo's motion to compel is denied, and Roche's motion for fees and costs is denied. The Court will address these requests in turn.

I. BACKGROUND

Roche commenced this action by filing the Complaint on May 28, 2004 (Doc. No. 1), and on January 21, 2005, it filed the Amended Complaint (Doc. No. 16). Enzo filed its First Amended Answer and Counterclaims (the "FAAC") on February 22, 2005. (Doc. No. 18.) This case was originally assigned to the Honorable John E. Sprizzo, District Judge, but after Judge Sprizzo passed away in December 2008, the case was reassigned to my docket on January 8, 2009. (Doc. Nos. 5 & 39.) From March 13, 2009 until August 25, 2011, this action was stayed while a related case was appealed to the Federal Circuit. (Doc. Nos. 44, 65, & 67.) On September 24, 2012, following a renewed round of briefing by Roche and the defendants in related patent-infringement cases, the Court granted in part and denied in part Roche's motion for summary judgment with respect to multiple patent claims asserted by Enzo. (Doc. No. 83.) Enzo filed a motion for reconsideration of a claim construction ruling issued in 2006 and vacatur of the September 24, 2012 summary judgment decision that relies on the 2006 ruling, which the Court denied on December 10, 2014. (Doc. No. 223.)

Roche filed a separate motion for summary judgment on April 11, 2013, focusing on Enzo's non-patent claims and asserting a contractual basis for dismissing Enzo's remaining patent claims. (Doc. No. 102.) In a Memorandum and Order dated December 6, 2013, the Court denied summary judgment with respect to Enzo's claim that Roche violated the use restrictions in the April 1994 "Distribution and Supply Agreement" (the "Agreement"), but granted Roche's motion in all other respects. (Doc. No. 132.) On September 16, 2014, after yet another round of briefing, the Court denied Enzo's motion for reconsideration of the December 6, 2013 summary judgment ruling. (Doc. No. 217.)

On October 22, 2014, the Court entered a revised scheduling order that, among other things, mandated that "[a]ll damages fact discovery . . . which has not already been completed shall be completed by January 30, 2015." (Doc. No. 219.)  The three joint letters now before the Court were submitted during this "damages fact discovery" period.  In the first joint letter, dated December 8, 2014, Roche seeks leave to supplement its invalidity contentions in light of the Supreme Court's *Nautilus* decision.  (Doc. No. 222.)  In the second letter, dated December 17, 2014, Roche moves for a protective order to limit discovery during the damages discovery period.  (Doc. No. 224.)  In the third letter, dated January 30, 2015, Enzo moves to compel Roche to produce contract damages discovery concerning Roche's Elecsys products.  (Doc. No. 228.)  In that same January 30, 2015 joint letter, Roche, in response to Enzo's motion concerning Elecsys products, asks the Court to award Roche's fees and costs "in connection with having to litigate these issues for yet a third time."  (*Id.* at 5.)

## II.  SUPPLEMENTAL INVALIDITY CONTENTIONS

In the first joint letter, dated December 8, 2014, Roche seeks leave to supplement its invalidity contentions in light of the Supreme Court's *Nautilus* decision. (Doc. No. 222.)  The Court denies Roche's motion.

In a Case Management Plan and Scheduling Order, dated February 7, 2013, the Court ordered that "[a]ny party opposing a claim of patent infringement shall serve invalidity contentions on or before May 17, 2013." (Doc. No. 99 at 2.)  On November 12, 2013, the Court granted Enzo's motion to strike Roche's supplemental invalidity contentions dated September 17, 2013, September 30, 2013, and October 16, 2013 because those contentions were untimely. (Doc. No. 129 at 2-3.)  In the November 12, 2013 Order, the Court noted, "[i]f

3

Roche needed more time to research or respond to Enzo's accusations, then it should have sought an extension before the May 17, 2013 deadline – an interim deadline Roche emphatically advocated – or at the very least before now, nearly half a year later." (*Id.* at 3.)

Over one year later, Roche again seeks to supplement its invalidity contentions. Roche's latest attempt to supplement its invalidity contentions is based on the Supreme Court's June 2, 2014 *Nautilus* decision. 134 S. Ct. 2120 (2014). In *Nautilus*, the Court found that the Federal Circuit's previous standard for indefiniteness – that "a patent claim passes the [35 U.S.C.] § 112, ¶ 2 threshold so long as the claim is 'amenable to construction,' and the claim, as construed, is not 'insolubly ambiguous'" – does not satisfy the definiteness requirement under 35 U.S.C. § 112, ¶ 2. *Id.* at 2124 (citing the Federal Circuit's *Nautilus* opinion). Instead, the Court held "that a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Id.*

Roche argues that *Nautilus* "represents a significant change in the law of indefiniteness under 35 U.S.C. § 112" by making indefiniteness challenges easier. (Doc. No. 222 at 2.) Roche elaborates that "[t]here is a fundamental difference between proving an 'insoluble ambiguity,' *i.e.* an ambiguity that cannot be cured (the old standard), and proving a 'zone of uncertainty' as to the scope of the invention (the new standard)." *Id.* But it is not certain that *Nautilus* is such a "significant change." The *Nautilus* Court itself noted that "[t]he standard we adopt accords with opinions of this Court . . . ." *Nautilus*, 134 S. Ct. at 2129-30 (citing three Supreme Court precedents); *see also Cognex Corp. v. Microscan Sys., Inc.*, No. 13-CV-2027 JSR, 2014 WL 2989975, at *7 n.2 (S.D.N.Y. June 30, 2014) (characterizing *Nautilus* as having

4

"clarified" the law); *R-Boc Representatives, Inc. v. Minemyer*, No. 11 C 8433, 2014 WL 4412311, at *2 (N.D. Ill. Sept. 5, 2014) ("Commentators are not united on *Nautilus* being as drastic a change as [movant] suggests in its briefs.").

Regardless, in Roche's post-*Nautilus* invalidity contentions, dated November 10, 2014, it submits that U.S. Patent Number 4,943,523 (the "'523 Patent") is invalid because it does not provide a sufficient written description of the claim terms "A$^3$" and "Det$^b$". (Doc. No 222, Ex. 1.) Specifically, Roche makes the sweeping argument that "the '523 patent claims could be understood to cover a nearly infinite, unidentified number of 'additional atoms or structures.'" (*Id.* at 5.) But such a broad argument was available to Roche under the old "insolubly ambiguous" standard. The Court denies Roche's motion because Roche could have made – and indeed already submitted – very similar indefinite contentions prior to *Nautilus*, such as its October 16, 2013 invalidity contentions, which the Court precluded for untimeliness. (*See* Doc. No 222, Ex. 4.) In the untimely October 16, 2013 invalidity contentions, Roche argued, *inter alia*, that "the metes and bounds of Det$^b$, as recited in claim 15, cannot be determined, rendering it insolubly ambiguous and indefinite." (*Id.* at 11.) That Roche made this contention under the "insolubly ambiguous" standard and now seeks to renew it under the new standard announced in *Nautilus* is of no moment since the Court denied the motion on timeliness grounds. Put simply, a motion that was untimely in October 2013, is equally untimely today, regardless of the substantive standard to be applied.

Roche does not cite any cases that granted or considered a request to supplement when, as the Court finds here, the "new" arguments could have been made under the "insolubly ambiguous" standard. At least two other courts have denied similar requests. *See Synopsys Inc*

*v. Mentor Graphics Corp*, No. C-12-06467-MMC (DMR), 2014 WL 4760362, at *5 (N.D. Cal. Sept. 24, 2014) (denying leave to supplement because "the relevant question for determining whether *Nautilus* creates good cause for [movant] to amend its invalidity contentions is this: could [movant] have asserted these indefiniteness defenses against the Claims at issue prior to *Nautilus*? The answer is yes"); *R-Boc*, 2014 WL 4412311, at *5 (denying leave to supplement after finding that movant was "using the *Nautilus* decision as a kind of Trojan horse for its eleventh-hour invalidity contentions").

In short, Roche's latest supplemental contentions were available prior to *Nautilus*, as shown by Roche's attempt to make similar arguments in October 2013, which the Court rejected. Therefore, the *Nautilus* decision is not enough to permit Roche to introduce a recycled version of its otherwise untimely invalidity contentions.   Accordingly, Roche's motion is denied.

### III.   DISCOVERY DISPUTES AND SANCTIONS

#### 1. Protective Order

In the second joint letter, dated December 17, 2014, Roche moves for a protective order to limit discovery during the damages discovery period.  (Doc. No. 224.)  Specifically, Roche moves the Court to issue a protective order "to limit party and nonparty discovery to (i) sales under the Agreement to Oncor, Quest Diagnostics, Roche Pharma and Roche Vitamins; and (ii) damages issues relating to Roche's sales."  (*Id.* at 2.)  In Exhibits 6 and 7 to the joint letter, Roche lists Enzo's discovery requests that, it contends, exceed the scope of permissible damages discovery.  (*Id.* at 2 & n.4, Exs. 6 & 7.)  Roche's motion is granted in part and denied in part.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R.

Civ. P. 26(b)(1).   The allowable scope of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

With respect to Roche's first motion, that the Court issue a protective order that "limit[s] party and nonparty discovery to (i) sales under the Agreement to Oncor, Quest Diagnostics, Roche Pharma and Roche Vitamins," Roche's motion is denied.   The Court, in its December 6, 2013 Summary Judgment opinion, found that because the Agreement never defines "research market" or "research use," and "never clarifies whether the research market includes applied research or only basic research or some sort of middle ground between the two[,]" the Agreement's use restrictions are ambiguous.   (Doc. No. 132 at 6.)

> Because Enzo has provided evidence that would tend to prove that the Distribution Agreement forbade sales to "pharmaceutical and industrial/diagnostics companies . . . [whose] efforts, including research, ultimately are directed to the development and marketing of commercial products, such as drugs, for diagnostic and therapeutic purposes", the Court cannot conclude as a matter of law that Roche did not breach the Distribution Agreement when it sold Products to (1) Oncor for putatively diagnostic uses; (2) non-parties Roche Pharma and Roche Vitamins for the development of cancer-research products; or (3) Quest Diagnostics, which the evidence suggests provides *only* diagnostic services and which Roche's sales spreadsheet lists under "Industrial/Diagnosti[c]" sales.

(*Id.* at 6-7 (internal citations omitted).)   Later in the opinion, the Court wrote that "it is not clear what, precisely, constitutes a 'research setting' as that term is used by Roche.   Given this ambiguity . . . the Court cannot conclude that Roche's sales did not exceed the research-only restrictions in the Distribution Agreement.   Accordingly, summary judgment *as to this claim* is denied." (*Id.* at 7 (emphasis added).)   The parties dispute whether the Summary Judgment

opinion limited Enzo's claim to Oncor, Quest Diagnostics, Roche Pharma and Roche Vitamins. It did not.

First, Roche moved for summary judgment on Enzo's entire claim that Roche violated the research-only use restriction.   (Doc. Nos. 94 (filed under seal) & 111.)   The Court did not grant Roche's motion in part (*i.e.*, with respect to every third-party purchaser except for Oncor, Quest Diagnostics, Roche Pharma and Roche Vitamins) and deny it with respect to the remaining entities.   Rather, the Court denied summary judgment "*as to this claim*."   (Doc. No. 132 at 7 (emphasis added).)   Second, neither of Roche's summary judgment briefs sought to limit Enzo's claim to those four entities (Doc. Nos. 94 (filed under seal) & 111), and Enzo's opposition brief did not limit its claim to those particular companies (Doc. No. 107).   Rather, in opposing Roche's summary judgment motion, Enzo merely cited Oncor, Quest Diagnostics, Roche Pharma, and Roche Vitamins as *examples* of Roche's breach and even twice used the phrase "[f]or example" before introducing the companies.   (*Id.* at 7.)   Enzo's 56.1 Statement, which was cited in Enzo's opposition brief, buttresses this interpretation.   (Doc. No. 106.)   In paragraphs 33 through 36 of Enzo's 56.1 Statement, Enzo argues that Roche made sales to "hundreds of entities" that Roche categorized as "part of the Industrial/Diagnostics market," "part of the pharmaceutical market," and "part of the Biotech market," and then lists entities beyond those expressly referenced in its brief, such as Merck & Co., GlaxoSmithKline, and Dupont AG Prod, among others.   Therefore, when the Court cited Oncor, Quest Diagnostics, Roche Pharma and Roche Vitamins in its Summary Judgment opinion (Doc. No. 132 at 6-7), it did not limit Enzo's claim.   Accordingly, Roche's first motion, that the Court "limit party and

nonparty discovery to (i) sales under the Agreement to Oncor, Quest Diagnostics, Roche Pharma and Roche Vitamins," is denied.

With respect to Roche's second motion, requesting that the Court issue a protective order to "limit party and nonparty discovery to . . . (ii) damages issues relating to Roche's sales," Roche's motion is granted in part and denied in part. For all but a small handful of Enzo's requests, the Court finds that Enzo has improperly sought discovery regarding liability, which exceeds the scope of discovery contemplated by the Court's October 22, 2014 Revised Scheduling Order. Accordingly, the Court finds that Roche need only comply with the following discovery requests, since these are the only ones that relate to damages discovery: (1) Enzo's 30(b)(6) notice topic number 4; (2) Enzo's request for production number 27; (3) Enzo's interrogatory number 16; (4) Enzo's deposition topics to third parties numbers 2 and 4; and (5) Enzo's requests for documents from third parties numbers 1 and 3. For the same reasons, the Court also finds that Roche must comply with *a portion* of two additional discovery requests: (1) Enzo's request for production number 7; and (2) Enzo's interrogatory to Roche number 3. However, Roche need not comply with the following portions of these two requests: (1) "any information known to Roche that relates or refers to the use made or potential use intended by the Third Party purchasing such Product" (Doc. No. 224, Ex. 6 at 3, Enzo's request for production number 7); and (2)

> any information known to Roche concerning the actual or intended use of the Product by the Third Party purchasing such Product, including whether it was for research use only, for diagnostic or therapeutic use, or for efforts, including research, that were ultimately directed to the development and marketing of commercial products, such as drugs, for diagnostic and therapeutic purposes . . . .

(Doc. No. 224, Ex. 6 at 4-5, Enzo's interrogatory to Roche number 3). Accordingly, Roche's

motion for a protective order to limit party and nonparty discovery is granted in part and denied in part.

### 2.   Elecsys Products

In the third joint letter, dated January 30, 2015, Enzo moves to compel Roche to produce contract damages discovery concerning Roche's Elecsys products, which were not explicitly listed in the Agreement.   (Doc. No. 228.)   The Court denies Enzo's motion, which, in essence, seeks to undo the Court's December 6, 2013 summary judgment opinion and its September 16, 2014 Order denying Enzo's motion for reconsideration.   As noted therein, Enzo abandoned its claims with respect to "[p]roducts that were not explicitly listed in the Agreement . . . ."   (Doc. No. 132 at 5 n.4.)   Accordingly, Enzo's motion to compel Roche to produce contract damages discovery concerning Roche's Elecsys products is denied.

### 3.   Sanctions

Finally, Roche, in response to Enzo's motion concerning Elecsys products, requests that the Court award Roche's fees and costs "in connection with having to litigate these issues for yet a third time."   (Doc. No. 228 at 5.)   Although the Court denies Enzo's motion to compel, the Court is not prepared to find that Enzo's arguments are "completely baseless."   *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 124, 131 (S.D.N.Y. 1999)   ("The continued assertion of a factual or legal argument long after that argument has proven to be completely baseless is sanctionable conduct . . . .").   Accordingly, the Court rejects Roche's sanctions argument and denies Roche's motion.

IV.  CONCLUSION

For the reasons set forth above, Roche's request to supplement its invalidity contentions is denied, Roche's motion for a protective order is granted in part and denied in part, Enzo's motion to compel is denied, and Roche's motion for fees and costs is denied.

SO ORDERED.

DATED:        March 4, 2015
              New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE