TO BE FILED UNDER SEAL
FOR *IN CAMERA* REVIEW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENZO BIOCHEM, INC., et ano.,                :
                                            :
                    Plaintiffs,             :
        v.                                  :       03 Civ. 3816 (RJS)
                                            :
MOLECULAR PROBES, INC.,                     :
                                            :
                    Defendant,              :
------------------------------------------------------------X

ROCHE DIAGNOSTICS GMBH, et ano.,            :
                                            :
                    Plaintiffs,             :
        v.                                  :       04 Civ. 4046 (RJS)
                                            :
ENZO BIOCHEM, et ano.,                      :
                                            :
                    Defendants.             :
------------------------------------------------------------X
ENZO BIOCHEM, INC., et ano.,                :
                                            :
                    Plaintiffs,             :
        v.                                  :       03 Civ. 3817 (RJS)
                                            :
PERKINELMER, INC., et ano.,                 :
                                            :
                    Defendants,             :
------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO
<u>DETERMINE THE VALUE OF THE CHARGING LIEN</u>**

## TABLE OF CONTENTS

**PAGE**

SUMMARY OF THE REPLY ...................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    POINT I - The Court Should Enforce The Terms Of The Engagement Letter .................... 3

    POINT II - GT Can Collect From Any Recovery In The Enzo Litigation ........................... 4

    POINT III - GT's Outstanding Fees And Expenses Are Reasonable And Fair ................... 5

    POINT IV - No Discovery Or Hearing Is Necessary ............................................................ 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bartning v. Bartning,*
    16 A.D.3d 249 (1st Dept. 2005) ............................................................................................9

*Benishai v. Epstein,*
    116 A.D.3d 726 (2d Dept. 2014) ...........................................................................................8

*Camacho Mauro Mulholland LLP v. Ocean Risk Detention Group, Inc.,*
    2010 WL 2159200 (S.D. N.Y. May 26, 2010) ......................................................................9

*Cohen v. Grainger, Tesoriero & Bell,*
    81 N.Y.2d 655 (1993) ............................................................................................................4

*Figueroa v. City of New York,*
    2011 WL 5547976 (S.D.N.Y. Nov. 15, 2011) .......................................................................3

*In re Basil Street Partners, LLC,*
    2014 WL 3563227 (Bankr. M.D.Fl. July 18, 2014) ...........................................................3, 9

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.,*
    140 F.2d 442 (2d Cir. 1998) ..................................................................................................3

*Jaffe v. Brown-Jaffe,*
    98 A.D.3d 898 (1st Dept. 2012) ............................................................................................5

*Kramer Levin v. Arinoff,*
    638 F.Supp. 714 (S.D.N.Y. 1986) .........................................................................................9

*McDonald v Edelman & Edelman, P.C.,*
    118 A.D.3d 562 (1st Dept. 2014) ..........................................................................................8

*Morgan v. H.P. Drewry, S.A.R.L.,*
    285 A.D. 1 (1st Dept. 1954) ..................................................................................................4

*Neimark v. Martin,*
    7 A.D.2d 934 (2d Dept. 1959) ...............................................................................................4

*Pryor Cashman LLP v. U.S. Coal Corp.,*
    2013 WL 482132 (N.Y. Sup. Feb. 4, 2013) ..........................................................................6

*Reed v. A.W. Lawrence & Co., Inc.,*
    95 F.3d 1170 (2d Cir. 1996) ..................................................................................................5

*Roe v. Roe,*
    117 A.D.3d 1217 (3rd Dept. 2014) ........................................................................................5

*Sequua Corp. v. GBJ Corp.*,
    156 F.3d 136 (2d 1998) ...........................................................................................4, 5

*Shukla v. Sharma*,
    2013 WL 66148 (E.D.N.Y. Jan. 4, 2013) ..................................................................6

*Sutton v. New York City Tran. Auth.*,
    462 F.3d 157 (2d Cir. 2006) .....................................................................................3

*Wagner Davis P.C. v. Gargano*,
    116 A.D.3d 426 (1st Dept. 2014) .............................................................................7

TO BE FILED UNDER SEAL
FOR *IN CAMERA* REVIEW

## SUMMARY OF THE REPLY

Greenberg Traurig, LLP ("GT") submits the following in response to Enzo's opposition to GT's Motion to Determine the Value of the Charging Lien ("Enzo Response" and "Charging Lien Motion").[1] GT respectfully submits that the Court should issue an order that:

- Directs Enzo to pay GT ▇▇▇ of the total fees and expenses GT billed to Enzo during the Enzo Litigation,[2]
- Permits GT to collect any award issued in connection with the Charging Lien Motion from any recovery in the Enzo Litigation;
- Finds that Enzo is entitled to neither (a) an offset for alleged overbilling or malpractice, nor (b) discovery and a hearing; and
- Directs Enzo to reimburse GT for fees and expenses incurred by GT in connection with the Charging Lien Motion.

Enzo's arguments that GT is not entitled to this relief are without merit.

First, Enzo's contention that the Engagement Letter, which fixes the amount Enzo must pay GT in the event that GT withdraws from representation of Enzo for "good cause," should not be enforced is contrary to Second Circuit precedent. *See* Point I, *infra*. In accordance with this precedent, the Court should fix the charging lien in the amount stipulated by Enzo in the Engagement Letter.

---

[1] The Enzo Response consists of Enzo's Memorandum of Law in Opposition ("Opp. Mem."), Affidavit of Barry W. Weiner ("Weiner Aff."), and Affidavit of Michael J. Brychel ("Brychel Aff."). In the interest of brevity, capitalized terms here shall have the same meanings as defined in the moving memorandum.

[2] Alternatively, GT respectfully submits that the Court should fix the charging lien in the amount ▇▇▇ consisting the sum ▇▇▇ which equals the fees and expenses Enzo has failed to pay to GT, ▇▇▇ which represents ▇▇▇ fee payment from the recent *PerkinElmer* settlement, and, separately, grant GT

Second, Enzo's contention that GT should not be allowed to calculate the value of its charging lien based upon its work in all of the cases in the Enzo Litigation is contrary to New York law. This contention ignores the fact that the cases in the Enzo Litigation are interconnected, share many common facts, and are based on related legal theories. *See* Point II, *infra*. Therefore, the Court should value GT's charging lien based on the work done in, and on any recovery by Enzo from, all of the cases in the Enzo Litigation.

Finally, Enzo has also failed to provide any factual basis either for an offset against the sums due to GT or for its entitlement to discovery or a hearing. Rather, Enzo's opposition is based on the unsupported speculations of its counsel. Notably, Enzo has failed to submit any declaration from Dr. Elazar Rabbani ("Rabbani"), Enzo's Chairman and CEO, the Enzo executive most familiar with the Enzo Litigation. It is fair to assume that if Rabbani had anything to offer in opposition to the Charging Lien Motion, he would have filed an affidavit. Instead, Enzo submitted an affidavit from Barry Weiner, who incorrectly describes one irrelevant conversation, and nothing else. Thus, the facts provided by the GT declarants in support of this motion are uncontradicted and must be deemed admitted by Enzo.

The opinions of Enzo's proffered expert, Michael Brychel, should be given no weight by this Court. Earlier this month, in the single case Brychel identified as an example of his skills as an expert, the court flatly rejected his testimony and report. The court determined that:

> Neither Mr. Brychel's report nor his testimony satisfies the requirements of Federal Rule of Evidence 702. Mr. Brychel's testimony was not based upon sufficient facts or data, and it was not the product of reliable principles and methods. Nor did Mr. Brychel reliably apply the principles and methods to the facts of this case. ...

> Accordingly, the Court has not given any weight and consideration to Mr. Brychel's testimony."[3]

The opinions of Brychel proffered here suffer from the same defects, and the same result should follow.

## ARGUMENT

### POINT I - The Court Should Enforce The Terms Of The Engagement Letter

Enzo contends that for the Court to fix the amount of the charging lien in accordance with the Engagement Letter would be "contrary to the weight of the authority." Opp. Mem. at 19. This contention ignores the clear statement of the Second Circuit that:

> If the amount of the charging lien has been fixed by agreement, as here, execution is appropriate on the judgment for the amount agreed to by the parties.

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.2d 442, 453 (2d Cir. 1998).

Enzo cites two cases for the proposition that even if the parties have fixed the charging lien amount by agreement, the Court nonetheless should conduct a "fairness" analysis. Opp. Mem. at 20. These cases do not stand for that proposition. Indeed, in one of the cases cited by Enzo, the Second Circuit, consistent with *Itar-Tass*, recognized that the Court is to conduct a fairness analysis only "in the absence of provision in the retainer agreement for counsel withdrawing for cause." *Sutton v. New York City Tran. Auth.*, 462 F.3d 157, 161 (2d Cir. 2006). Here, there is a "provision in the retainer agreement" that provides for just such eventuality. In contrast, the issue in the other case cited by Enzo, *Figueroa v. City of New York*, 2011 WL 5547976 (S.D.N.Y. Nov. 15, 2011), was not about a stipulated fixed lien amount upon withdrawal for "good cause." Here, the Engagement Letter expressly provides for a fixed

---

[3] *In re Basil Street Partners, LLC*, 2014 WL 3563227, at *4 (Bankr. M.D.Fl. July 18, 2014). See also Order Granting Motion *In Limine*, Adv. No. 9:12-ap-00863-FMD, United States Bankruptcy Court, Middle District of Florida, Doc. 379. Burrows Reply Decl. ¶¶ 12-14 and Ex. 23 thereto.

payment upon withdrawal for "good cause." Consistent with Second Circuit precedent, GT respectfully submits the Court should enforce the terms of the Engagement Letter.

### POINT II - GT Can Collect From Any Recovery In The Enzo Litigation

Enzo's contention that, as a matter of law, a charging lien can only be imposed on a particular case where services were rendered, is incorrect for several reasons.

First, Enzo failed to make this argument when it opposed GT's request for a charging lien in connection with GT's Motion to Withdraw, and has therefore waived this argument.

Second, Enzo is wrong on the law. As the New York Court of Appeals explained:

> The lien is imposed on the cause of the action and ... the proceeds, wherever found, are subject to it. And this is so even if recovery is obtained in an action different from one in which the services were rendered.

*Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 658 (1993); *Neimark v. Martin*, 7 A.D.2d 934, 935 (2d Dept. 1959) ("the attorney's lien attaches to the client's cause of action, and any recovery thereon, albeit the recovery is effected in an action other than the action in which the services were rendered").[4]

Similarly, the Second Circuit has rejected the argument that a law firm cannot use a charging lien in one matter to collect for services rendered in another matter where there was no recovery. In *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 149 (2d Cir. 1998), the Second Circuit explained, in affirming the award of a charging lien:

> Attorney's fees may be awarded for unsuccessful claims as well as successful ones where they are inextricably intertwined and involve a common core of facts or are based on related legal theories.

---

[4] *See also*: *Morgan v. H.P. Drewry, S.A.R.L.*, 285 A.D. 1, 4 (1st Dept. 1954) (awarding charging lien, and stating: §475 "is remedial in character and should be construed liberally in aid of the object of the legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action").

4

TO BE FILED UNDER SEAL
FOR *IN CAMERA* REVIEW

*Id.* at 149 n. 18. *See also*: *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1183 (2d Cir. 1996) ("where the district court determines that the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or are based on related legal theories,' it is not an abuse of discretion for the court to award the entire fee'").

Third, the Enzo Litigation cases are so closely intertwined that it is entirely appropriate that the legal fees and expenses incurred on any aspect of the Enzo Litigation should be collectable from any recovery realized as a result of the Enzo Litigation. The Enzo Litigation cases are closely related matters that share common factual and legal issues, as explained in detail in the Reply Declaration of Jeffrey Mann ("Mann Reply Decl.") (¶¶ 5-12). Not surprisingly, these cases have been on the docket of one judge. Judge John Sprizzo consolidated the Enzo Litigation cases for discovery, including common documents discovery, interrogatories and depositions. The parties to all of the Enzo Litigation cases shared the fruits of this consolidated discovery with each other. The Enzo Litigation cases were also consolidated for a single *Markman* hearing, joint pretrial conferences, and common briefing schedules. *Id.* ¶¶ 8-11. As a result of the numerous common issues and the consolidation, the work performed by GT in any one of the cases was potentially useful in each of the other cases. *Id.* ¶¶ 5-12.

### POINT III - GT's Outstanding Fees And Expenses Are Reasonable And Fair

Enzo submits no evidence to contradict that GT regularly sent the outstanding bills to Enzo, and that Enzo did not object to those bills until GT moved to withdraw. Under these circumstances, the Court need not consider the reasonableness of the bills, and should fix the charging lien based upon account stated. *Jaffe v. Brown-Jaffe*, 98 A.D.3d 898, 899 (1st Dept. 2012) ("the Court should not have referred the matter to a special referee to determine the reasonable value of the charging lien. It should have fixed a charging lien based upon the account stated"); *Roe v. Roe*, 117 A.D.3d 1217, 1219 (3rd Dept. 2014) (affirming charging lien

5

based upon account stated since there is no evidence of objection to the bills); *Shukla v. Sharma*, 2013 WL 66148 (E.D.N.Y. Jan. 4, 2013) ("it is not necessary to establish the reasonableness of fees since the client's act of holding the statement without objection will be construed as to its correctness").[5]

If the reasonableness of GT bills is to be considered, the uncontradicted evidence submitted by GT in its moving papers establishes that the bills are reasonable and fair. For the following reasons, none of Enzo's contentions demonstrates otherwise.

First, Enzo's contention that GT should not be paid because Enzo has not, to date, recovered an amount equal to the fees and expenses, ignores the facts that: (a) the single largest case in the Enzo Litigation, *Roche*, has yet to be tried; (b) the Engagement Letter was negotiated by two sophisticated parties and Enzo was represented by its in-house counsel; (c) the Engagement Letter does not guarantee any particular result, but rather reflects Enzo's business decision to engage in litigation simultaneously against multiple parties, with its attendant costs and risks; and (d) GT was forced out of the Enzo Litigation before it could recover for its labor and for financing the Enzo Litigation for ten years.[6] Declaration of David Brodsky (¶¶ 9-15).

---

[5] *See also*: *Pryor Cashman LLP v. U.S. Coal Corp.*, 2013 WL 482132 (N.Y. Sup. Feb. 4, 2013) (disregarding Brychel's opinions of "overbilling," "vague" entries, and "billing for overhead" -- the same opinions he proffers here, and awarding fees because defendant "has not met its burden of showing that they objected to the invoices within a reasonable time").

[6] Enzo's contention that the *PerkinElmer* settlement should not be included in valuing the charging lien is similarly without merit. Enzo does not dispute GT's contention that successor counsel did nothing more than finalizing and drafting the settlement document. The facts surrounding the Order of the Court regarding the parties' trial readiness upon which Enzo makes this contention are provided in the Burrows Reply Declaration (¶¶ 88-93) and the Mann Reply Declaration (¶¶ 44-49).

Second, Enzo also ignores the fact that in comparison to the $3.2 million PerkinElmer paid to defend one case against Enzo for the first three months of 2014, GT, for the same period, billed Enzo     in fees and     in expenses for actively working on *four of the cases* in the Enzo Litigation. Burrows Moving Decl. ¶¶ 37-38.

Third, Enzo's contention          is equally meritless. Enzo contends that      by a PowerPoint, a 2005 letter, and several decisions of this Court on summary judgment. Opp. Mem. at 8-15. Enzo is incorrect. Rather, Enzo's contentions are mere conjecture. Enzo submits no evidence explaining the facts surrounding these documents or events. Instead, Enzo asks the Court to come to conclusions based on the speculations of its lawyers regarding these documents and events. The Court should decline to do so. None of these documents or events, alone or collectively, establishes a *prima facie* case      as demonstrated below.

PowerPoint – Enzo speculates, without any factual support, that the      is of great significance. Enzo's unfounded speculations should be summarily dismissed. Moreover, this document is merely one of hundreds of thousands of documents produced in the Enzo Litigation, and GT properly exercised its judgment as to discovery concerning this document. Mann Reply Decl. ¶¶ 41-43. *Wagner Davis P.C. v. Gargano*, 116 A.D.3d 426, 426 (1st Dept. 2014) ("strategic decision … cannot form the basis of     . *See also* Burrows Reply Decl. ¶¶ 83-86.

The 2005 Letter – Enzo places great weight on a letter sent by GT to PerkinElmer's counsel in 2005. Enzo provides no factual background for this document,                        As is obvious from the letter, it was settlement negotiation posturing. It provided no backup information. Surely,

7

would have offered such backup information here if it supported the claims of counsel. Again, _____ failure to provide this information, indeed any information, shows that Enzo's speculation is just that, and that the letter without this information is meaningless and it should be disregarded. *Id.* ¶¶ 83-84, 87.

Pleading and Summary Judgment – Lastly, Enzo contends that the dismissal of some of the claims at summary judgment means that GT _____ because GT failed to plead certain claims. This contention is insufficient as a matter of law. *McDonald v Edelman & Edelman, P.C.*, 118 A.D.3d 562, ____, --- N.Y.S.2d ---- (1st Dept. 2014) ("complaint fails to state a cause of action _____ since it does not plead that but for the defendant's alleged negligence in failing to prosecute appeal from the dismissal of the Labor Law claims plaintiff would have prevailed on the claims"); *Benishai v. Epstein*, 116 A.D.3d 726, 728 (2d Dept. 2014) _____ complaint dismissed where "it fails to plead specific factual allegations" that but for _____ there would have been a more favorable outcome). Here, Enzo does not provide any allegation, let alone the requisite "specific factual allegations," that but for GT's _____ it would have prevailed on the claims dismissed by the Court at summary judgment. This contention also ignores important facts in the prosecution of the Enzo Litigation,

Mann Reply Decl. ¶¶ 13, 25-40.
As Judge Sprizzo observed in the 2007 hearing oft-cited by Enzo, "the basic claim here is an infringement claim. These other two tagalongs are not very strong. Probably just thrown in there as additional vegetable in the soup kind of thing, you know." Weiner Aff., Ex. 5 at 298. Judge Sprizzo also observed that "I think the claim is essentially the infringement claim. I mean even the best evidence claims is – essentially the damages are going to be the same." Weiner

8

Aff., Ex. 11 at 308. The pertinent facts of the prosecution of the Enzo Litigation and the impact of the Court's summary judgment decisions are provided in the Mann Reply Declaration (¶¶ 13, 25-40).

In any event, Enzo,                                          having testified before this Court that Enzo never accused GT          cannot now pivot 180 degrees and make speculative charges of negligence through its new lawyers retained specifically to make such claims. Enzo's contentions that GT            are not only baseless, they are made solely for the purpose of avoiding payment.

### POINT IV - No Discovery Or Hearing Is Necessary

Since Enzo has failed to include any fact declaration on personal knowledge from any relevant factual witness, the evidence submitted by GT is un-rebutted. The deliberate decision by Enzo and its counsel not to offer any competent factual support for its assertions underscores the lack of merit of Enzo's contentions. Based on the un-rebutted evidence, the Court should value the charging lien as requested by GT. No discovery or hearing is necessary.[7]

The Court should exclude the report of Enzo's proffered expert Brychel because he is not a qualified expert and his report is deficient. First, in the one case he identifies in his report as evidence of his qualification (Brychel Aff. ¶ 8), Brychel failed to disclose that his testimony was given subject to a motion *in limine*. *In re Basil Street Partners*, 2014 WL 3563227, at *4. That

---

[7] Enzo contends that it had previously paid GT due to "naiveté" and seeks discovery into those bills. Opp. Mem. at 22-23. The Court is well positioned to judge whether Enzo,         was "naïve" or, rather, calculating. Enzo          are not naïve. See Burrows Reply Decl. ¶¶ 94-102. In any event, Enzo is barred from inquiring into the paid bills because Enzo paid those bills and thereby acknowledged that they are valid and correct. *Bartning v. Bartning*, 16 A.D.3d 249, 250 (1st Dept. 2005); *Camacho Mauro Mulholland LLP v. Ocean Risk Detention Group, Inc.*, 2010 WL 2159200, at *5 (S.D. N.Y. May 26, 2010); *Kramer Levin v. Arinoff*, 638 F.Supp. 714, 720 (S.D.N.Y. 1986).

9

motion was recently granted, and the court excluded Brychel's testimony because it failed to satisfy Rule 702, and did not give his testimony or written report any consideration. *Id.; see also* Burrows Reply Decl., Ex. 23. Second, Brychel apparently has no experience in patent or commercial litigation, or similarly complex litigation. Third, the Brychel report is deficient. He based his conclusions on a review of some unspecified GT bills, and, did not review all of the relevant Charging Lien Motion filings or consult with any Enzo employee. As a result of his casual methodology, Brychel lacks even a basic understanding of GT's bills, (a) stating that GT failed to include its billing rates on its invoices when, in fact, GT included these rates in all of the unpaid invoices from September 2013-April 2014 as requested by Enzo (*Id.* ¶¶ 39-42), and (b) overlooking detailed descriptions of GT's expenses in the unpaid invoices (*Id.* ¶¶ 63-65). Brychel's opinions regarding a single bill format, so-called "learning curve" costs, vague task descriptions, block billing, and document/data management expenses, are all baseless and are addressed in the Burrows Reply Declaration (¶¶ 32-38, 43-62) and the Declaration of David Brodsky (¶¶ 16-43).

## CONCLUSION

For the reasons stated above, the Court should grant GT's motion.

Dated: July 28, 2014

STEPTOE & JOHNSON LLP

By: _____
Michael C. Miller, Esq.
Justin Y. K. Chu, Esq.
1114 Avenue of the Americas
New York, NY 10036
(212) 378-7616 (phone)
(212) 506-3950 (fax)
*Attorneys for Greenberg Traurig, LLP*